PIZZATO'S INC. *et al.*, Plaintiffs-Appellees, v. THE CITY OF BERWYN *et al.*, Defendants-Appellants.

First District (4th Division)    No. 87—0201

Opinion filed March 31, 1988.

James R. Schirott and Michael W. Condon, both of Schirott & Associates, P.C., of Itasca, for appellants.

Edward T. Joyce and Richard S. Reizen, both of Chicago (Joyce & Kubasiak, P.C., of counsel), for appellees.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

This is an action by the plaintiffs, Pizzato's Inc., to recover damages for violations of their civil rights under section 1983 of the Civil Rights Act. (42 U.S.C. §1983 (1982).) The violations stem from the alleged malicious and bad-faith refusal by the defendants, the City of Berwyn and Mayor Joseph J. Lanzillotti, the local liquor commissioner, to issue a liquor license to the plaintiffs.[1] Lanzillotti moved to dismiss the claims against him on the basis that he enjoyed absolute immunity from suit while acting in his quasi-judicial capacity as a local liquor commissioner. The trial court denied the motion to dismiss and refused Lanzillotti's request to certify the question pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308). Lanzillotti has appealed, contending that the trial court erred in denying the motion to dismiss.

The plaintiffs contend that we lack jurisdiction to consider this appeal because the denial of Lanzillotti's motion to dismiss is not a final and appealable order. The defendants, however, ask us to assume jurisdiction pursuant to the "collateral order" doctrine which has been adopted in the Federal courts. Under this doctrine, the denial of a substantial claim of absolute immunity is considered to be a final and

---

[1] In a separate count, the plaintiffs requested a writ of *mandamus* compelling the defendants to issue the liquor license. The trial court granted the writ of *mandamus* and we affirmed in an unpublished order in an earlier appeal to this court. *Pizzato's Inc. v. City of Berwyn* (1984), 129 Ill. App. 3d 1153 (unpublished Rule 23 order).

appealable order. *Nixon v. Fitzgerald* (1982), 457 U.S. 731, 73 L. Ed. 2d 349, 102 S. Ct. 2690.

Article VI, section 6, of the Illinois Constitution of 1970, confers jurisdiction upon the appellate court. (Ill. Const. 1970, art. VI, §6.) It provides that "[a]ppeals from final judgments of a Circuit Court are a matter of right to the Appellate Court." It further provides that "[t]he Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments." The denial of a motion to dismiss is not a final and appealable order. *(People v. American National Bank & Trust Co.* (1965), 32 Ill. 2d 115, 117, 203 N.E.2d 897; *Camp v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 1107, 1110, 403 N.E.2d 704.) Consequently, jurisdiction of the appellate court to consider an interlocutory appeal must emanate from the supreme court rules. The only supreme court rules concerning appeals from interlocutory orders are Rules 306, 307 and 308. (87 Ill. 2d Rules 306, 307, 308.) Rule 306 provides for permissive interlocutory appeals in certain specified situations, and Rule 307 provides for interlocutory appeals as a matter of right from specified orders. Rule 308 provides for permissive interlocutory appeals under circumstances where the trial court certifies a question. The trial court in the case at bar did not certify the question under Supreme Court Rule 308 and it is not suggested that this appeal comes within the purview of Supreme Court Rules 306 or 307. The supreme court not having provided by rule for an appeal from this type of order, this court accordingly lacks jurisdiction to consider the appeal. The defendants ask us to assume jurisdiction based upon a rule of procedure adopted and employed by the Federal courts. Regardless of how well reasoned the "collateral order" doctrine may be, it cannot be used to confer jurisdiction upon this court where none exists under Illinois law.

The appeal is accordingly dismissed.

Dismissed.

LINN and McMORROW, JJ., concur.