[No. 20844-6-I.   Division One.   August 29, 1988.]

RAYMOND E. JOHNSON, ET AL, *Respondents,* v. ALAN G. ROTHSTEIN, ET AL, *Appellants.*

JAMES F. FLYNN, *Respondent,* v. MAUI, INC., *Appellant.*

*Peter A. Danelo* and *Syrdal, Danelo, Klein, Myre & Woods, P.S.,* for appellants.

*Anne McDonald,* for respondents Johnson.

*William H. Fligeltaub,* for respondent Flynn.

WINSOR, J.—Maui, Inc., and Alan and Kay Rothstein (Rothstein) appeal from a judgment on a verdict finding Rothstein to have breached fiduciary duties and to have made negligent misrepresentations to Raymond and Georgia Johnson (Johnson), and to James and Eleanor Flynn (Flynn). Rothstein's sole contention on appeal is that the trial court erred in denying a motion for partial summary judgment by which Rothstein sought dismissal of Flynn and Johnson's negligent misrepresentation and breach of fiduciary duty claims.[1]

The parties became acquainted in 1972 and were subsequently involved in various business relationships until May 1985, when Johnson and Flynn filed this lawsuit against Rothstein. After Rothstein's motion for partial summary judgment was denied, the case went to a 5-week jury trial. This appeal followed.

We do not reach the merits of the appeal because this court, sua sponte, has raised an issue that we find to be determinative: Whether a denial of summary judgment is appealable after there has occurred a trial on the same issues. We hold that a denial of summary judgment cannot be appealed following a trial if the denial was based upon a determination that material facts are in dispute and must be resolved by the trier of fact.[2]

Pursuant to our authority under RAP 12.1(b),[3] we raise this issue sua sponte because it is one that affects judicial

---

[1]Rothstein also moved to dismiss Johnson and Flynn's Consumer Protection Act claims. The court granted this aspect of the motion.

[2]Although the trial court in the instant case did not expressly ground its partial denial of Rothstein's motion on the presence of material, disputed facts, it is apparent from the record and Rothstein's arguments on appeal that this was the basis of the trial court's ruling.

[3]RAP 12.1(b) provides:

economy and involves interpreting court rules that define our jurisdiction. RAP 2.2 delineates the only decisions of the superior court which may be appealed as a matter of right. Of these, only two subsections of the rule might be thought to apply to the circumstances of this case: (1) RAP 2.2(a)(1), allowing an appeal from a final judgment; and (2) RAP 2.2(a)(3), allowing an appeal from a decision determining the action. We conclude that once a trial on the merits is held, neither of these subsections permits review of a pretrial order denying summary judgment when such denial is based on a trial court's determination of the presence of disputed, material facts.[4]

■ An order denying summary judgment is not a final judgment within the meaning of RAP 2.2(a)(1) because it is irrelevant to a final judgment on a verdict:

> Summary judgment is not a substitute for a trial; it exists as a mechanism to decide whether there exists any truly disputed material facts. Once the determination is made, rightly or wrongly, that there are issues of fact that can be resolved only after full hearing, the summary judgment procedure has no further relevance[.]

*Morgan v. American Univ.*, 534 A.2d 323, 327 (D.C. 1987). Nor is a denial of summary judgment based on a trial court's determination of the presence of material, disputed

---

If the appellate court concludes that an issue which is not set forth in the briefs should be considered to properly decide a case, the court may notify the parties and give them an opportunity to present written argument on the issue raised by the court.

To avoid prejudice to the parties to this appeal, each was asked to submit a brief on the appealability of an order denying summary judgment following a trial on the same issues. *See Crawford v. Wojnas*, 51 Wn. App. 781, 787, 754 P.2d 1302 (1988).

[4]We recognize that some courts have held that once a trial is had, a denial of summary judgment on a substantive legal issue is also not reviewable on appeal. *E.g., Mountain Fir Lumber Co. v. Temple Distrib. Co.*, 70 Or. App. 192, 688 P.2d 1378 (1984). We do not decide that issue, as it is not before us. We note that in such a situation, pretrial discretionary appellate review pursuant to RAP 2.3 may be warranted. *See Sea–Pac Co. v. United Food & Comm'l Workers, Local 44*, 103 Wn.2d 800, 801–02, 699 P.2d 217 (1985); *Hartley v. State*, 103 Wn.2d 768, 773–74, 698 P.2d 77 (1985).

facts a decision determining the action, defined by RAP 2.2(a)(3) as "[a]ny written decision affecting a substantial right . . . which in effect determines the action and prevents a final judgment or discontinues the action." Rather than preventing final judgment or discontinuing the action, the trial court's decision here ensured resolution of the parties' disputes by a trier of fact.

By virtue of our holding,[5] we join the vast majority of other jurisdictions which have ruled that an order denying summary judgment, based upon the presence of material, disputed facts, will not be reviewed when raised after a trial on the merits. *E.g., Fleitz v. Van Westrienen,* 114 Ariz. 246, 560 P.2d 430 (1977); *Phillips v. Abel,* 141 Ga. App. 291, 233 S.E.2d 384 (1977); *Home Indem. Co. v. Reynolds & Co.,* 38 Ill. App. 2d 358, 187 N.E.2d 274, 278 (1962); *All-States Leasing Co. v. Pacific Empire Land Corp.,* 31 Or. App. 733, 571 P.2d 192 (1977); *Morgan v. American Univ., supra; accord,* Annot., *Reviewability of Order Denying Motion for Summary Judgment,* 15 A.L.R.3d 899, 922-25 (1967).

Two independent grounds are normally given for this ruling. The first is based on policy considerations. We find particularly persuasive the Idaho court's rationale:

> The final judgment in a case can be tested upon the record made at trial, not the record made at the time summary judgment was denied. Any legal rulings made by the trial court affecting that final judgment can be reviewed at that time in light of the full record. This will prevent a litigant who loses a case, after a full and fair trial, from having an appellate court go back to the time when the litigant had moved for summary judgment to view the relative strengths and weakness of the litigants at that earlier stage. Were we to hold otherwise, one who had sustained his position after a fair hearing of the

---

[5]We are aware of dicta in several Washington cases contrary to our holding. *E.g., Herrmann v. Cissna,* 82 Wn.2d 1, 3-4, 507 P.2d 144 (1973); *Bullo v. Fife,* 50 Wn. App. 602, 603 n.1, 749 P.2d 749 (1988); *Huston v. First Church of God,* 46 Wn. App. 740, 745, 732 P.2d 173, *review denied,* 108 Wn.2d 1018 (1987); *Rodin v. O'Beirn,* 3 Wn. App. 327, 332, 474 P.2d 903 (1970). These dicta are not controlling.

whole case might nevertheless lose, because he had failed to prove his case fully on an interlocutory motion. *Evans v. Jensen,* 103 Idaho 937, 942, 655 P.2d 454, 459 (Ct. App. 1982).

As another court has reasoned:

To deny a review seems to be unjust. But to grant it . . . would be unjust to the party that was victorious at the trial, which won judgment after the evidence was more completely presented, where cross–examination played its part and where witnesses were seen and appraised.

The greater injustice would be to the party which would be deprived of the jury verdict. Otherwise, a decision based on less evidence would prevail over a verdict reached on more evidence and judgment would be taken away from the victor and given to the loser despite the victor having the greater weight of evidence. This would defeat the fundamental purpose of judicial inquiry.

*Home Indem. Co.,* at 366.

The second ground for refusing review is related to the purpose and nature of summary judgment proceedings. The primary purpose of a summary judgment procedure is to avoid a useless trial. *Olympic Fish Prods., Inc. v. Lloyd,* 93 Wn.2d 596, 602, 611 P.2d 737 (1980); *Ryder v. Port of Seattle,* 50 Wn. App. 144, 148, 748 P.2d 243 (1987). Once a trial on the merits is had, review of a denial of a motion for summary judgment would do nothing to further this purpose. Moreover, the nature of a summary judgment is such that once the issues have been tried to a finder of fact, the summary judgment procedure to determine the presence of genuine, material issues of fact has no further relevance. *See Morgan v. American Univ., supra.* This same ground is also sometimes expressed in terms of merger or mootness. *See Phillips,* 233 S.E.2d at 384 (any issue as to the denial of a motion for summary judgment is moot following trial of the case); *Home Indem. Co.,* 187 N.E.2d at 278 (an error in denying a motion for summary judgment is not reversible because the result of such denial merges with the subsequent trial).

The minority position on this issue is advocated in 10 C. Wright, A. Miller & M. Kane, *Federal Practice* § 2715, at 636–38 (2d ed. 1983). The Ohio court has followed Wright & Miller and will review a denial of summary judgment. *See Balson v. Dodds,* 62 Ohio St. 2d 287, 405 N.E.2d 293 (1980). The *Balson* court reasoned that to hold otherwise would force an appellant to choose either a trial on the merits without preserving the trial court's alleged error on summary judgment for appellate review, or immediate appellate review of the trial court's alleged error.

We find this reasoning unconvincing because in most cases trial counsel can preserve the claimed error by a motion challenging the sufficiency of the evidence during trial or by a posttrial motion. The trial court's denial of these motions is appealable after an adverse jury verdict. *See Morgan,* 534 A.2d at 327–28. Alternatively, under our court rules if the error was one that determined the action within the meaning of RAP 2.2(a)(3), it could be appealed as a matter of right. Further, we note that *Balson* concerned the interpretation of a court rule. When faced with a request to review a factually based denial of summary judgment like that in the instant case, the Ohio court stated that although a ruling denying summary judgment is reviewable on appeal,

> the denial of summary judgment in the circumstances of this case was rendered moot or harmless, even if it had been error. The ultimate trial on precisely the same issues demonstrated that there were genuine issues of material fact and that the evidence supported a judgment for the party opposing summary judgment.

*Graham v. Pavarini,* 9 Ohio App. 3d 89, 95, 458 N.E.2d 421, 428 (1983).

Rothstein contends that appeal of the denial of summary judgment in this case ought to be allowed because the expense of producing the verbatim report from the 5–week trial would have been unduly burdensome. Therefore, Rothstein argues, it would be unfair to dismiss this appeal. We are not persuaded by this argument. We recognize the

expense of preparing a full verbatim transcript and thus our court rules permit transcription of less than all of the verbatim report, RAP 9.2(b), (c); preparation of a narrative report of proceedings, RAP 9.3; or preparation by the parties of an agreed report of proceedings, RAP 9.4. Rothstein has made no argument that these alternatives were not available to him.

The appeal is dismissed.

COLEMAN, A.C.J., and PEKELIS, J., concur.