CABINET SERVICE TILE, INC., Plaintiff-Appellee, v. KEITH SCHROEDER *et al.*, Defendants-Appellants.

First District (1st Division) No. 1—91—3498

Opinion filed September 30, 1993.

Gottlieb & Schwartz, of Chicago (Irving M. Funk, of counsel), for appellants.

Arthur S. Gold & Associates, Ltd., of Chicago (Arthur S. Gold, of counsel), for appellee.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

This is an appeal by defendants from a judgment of the trial court denying their motion to dismiss plaintiff's complaint. Plaintiff, Cabinet Service Tile, Inc., is a corporation involved in the business of residential remodeling. On May 8, 1988, defendants Keith and Lynn Schroeder entered into an oral contract with plaintiff whereby plaintiff would furnish labor, material and equipment necessary to remodel and improve defendants' single-family home in Barrington, Illinois. The rooms to be remodeled included the pool, roof, ceilings, second-floor interior, bedrooms, bathrooms and exterior structure. Defendants agreed to pay plaintiff the amount of $275,860 for these services.

Defendant subsequently requested that plaintiff also perform additional remodeling work on the pool, kitchen, laundry room, girl's room, family room, and general painting and electrical work, and agreed to pay the sum of $99,66.51 for these extra improvements. The terms of the oral contract were delineated in the general contractor's sworn statement. Plaintiff averred in its second amended complaint that the work was substantially completed on May 5, 1988. On March 30, 1989, plaintiff completed the work requested by defendants.

Defendants paid a total of $185,709.78 toward the balance of $375,526.51 owed to plaintiff, leaving a balance of $189,816.73 due to plaintiff. On May 17, 1989, plaintiff filed its claim for lien, served notice of the lien upon defendants and recorded it with the recorder's office. On December 11, 1990, plaintiff filed its fourth amended complaint to foreclose the mechanic's lien, alleging that defendants had entered into an oral contract with plaintiff to perform certain construction work on defendants' single-family residence, the work had been completed, and that defendants had not paid the balance owed.

On January 9, 1991, defendants filed a motion to strike and dismiss plaintiff's fourth amended complaint to foreclose the mechanic's lien and for other relief pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619). Defendants alleged that the contract price as set forth in paragraph 3 of plaintiff's complaint was $275,860, while the purported claim for lien filed by plaintiff stated that the amount owed was $375,526.51. Defendants contended that because of this discrepancy they were not specifically informed as to the claim which they were called upon to satisfy and that the complaint was insufficient in law.

Plaintiff filed its response to defendants' motion to dismiss the fourth amended complaint asserting that the complaint contained sufficient information detailing the agreements between the parties, the work performed and the agreed-upon price. Plaintiff further maintained in its response that the exhibits which were attached to the complaint provided even more details regarding the terms of the oral contract. Plaintiff further asserted that the two figures which defendants contested added up to the same amount as reflected in the complaint and the claim for lien. Plaintiff finally argued that given the plethora of information contained in the complaint, defendants were clearly able to answer its allegations.

On September 27, 1991, the court issued an "Opinion and Judgment" denying defendants' motion to dismiss plaintiff's fourth amended complaint. The court determined that defendants' reliance

on section 5 of the Illinois Mechanics Lien Act (Act) (Ill. Rev. Stat. 1989, ch. 82, par. 5), as the basis for its motion to dismiss, was inappropriate where the agreement between plaintiff and defendants was an oral agreement. The court further explained that the Mechanics Lien Act was intended to provide a new remedy that was not known at common law for those not in privity with the owner of the property (subcontractors, sub-subcontractors, material men and laborers). The court explained that the Act must be interpreted in light of that basic purpose.

The court explained that neither section 5 nor section 21 placed a unilateral burden on the contractor, but that the rights and obligations of contractors and owners were reciprocal. The court determined that the provision of section 5 requiring bold-faced type font had no application to the instant case, where the contract was oral. The court found that paragraph two of section 5 gave an owner the right to refuse to pay a general contractor until the general contractor acquired protection provided under the statute to insure the owner against claims of subcontractors. The court also found that section 5 made no reference to "waiver of liens."

The court determined that section 21 was exclusively devoted to the obligations of the subcontractor by protecting it through alerting owners of what they should do in order to avoid double liability. The court explained that section 21 simply made reference to "waiver of liens" by warning the owner not to pay a contractor for work or material delivered where the owner has not received from the contractor a waiver of lien by, or other satisfactory evidence of payment to the subcontractor or material man. The court concluded that in the instant case, the contractor's sworn statement satisfied the meaning of "other satisfactory evidence" under section 5. The court further held that under section 5 there is no unilateral obligation and that the obligations of the parties are reciprocal as are the rights acquired thereby. The court explained that the rights may be utilized or waived, and that in the instant case they were waived by defendants' failure to demand that plaintiff provide them with a contractor's affidavit.

The court held that plaintiff's fourth amended complaint contained a corrected general contractor's sworn statement of plaintiff and was signed by its president, Desi Haramija. The complaint and accompanying sworn statement were filed less than two years from the date by which plaintiff substantially completed the work. The court eventually found that plaintiff had fulfilled its obligation of presenting the general contractor's sworn statement to the owners

within the two-year statutory limitations period, the condition precedent to the owner's duty to pay. The court therefore denied defendants' motion to dismiss.

Defendants argue that the trial court erred in denying its motion to dismiss plaintiff's fourth amended complaint. Specifically, defendants contend that plaintiff did not: (1) provide them with a sworn statement as required by section 5 of the Illinois Mechanics Lien Act; (2) capitalize the warning given to them as required by section 5 of the Act; and (3) provide a waiver of lien or other evidence of payment by plaintiff to its subcontractors as required by sections 5 and 21 of the Act. Defendants assert that all of these requirements were conditions precedent before they were required to pay plaintiff and that the rights and obligations are not reciprocal.

Plaintiff argues that section 5 of the Illinois Mechanics Lien Act specifically states that a contractor shall provide the owner "a statement in writing, under oath or verified by affidavit, of the names and addresses of all parties furnishing materials and labor, and of the amounts due or to become due each." (Ill. Rev. Stat. 1989, ch. 82, par. 5.) Plaintiff maintains that it unequivocally complied with the section 5 requirements. Plaintiff explains that its second, third and fourth amended complaints provided defendants with a complete listing of all subcontractors and material men, amounts due and amounts to become due, as well as amounts paid. The statement was also sworn to under oath. Plaintiff also contends that defendants argument related to the "type font" is inapplicable here because the agreement between the parties was an oral agreement. Plaintiff further maintains that defendant suffered no prejudice resulting from plaintiff's failure to give a waiver of lien notice to defendants.

Plaintiff asserts that defendants' motion to dismiss was properly denied where the total costs of the repairs was provided to defendants in the revised general contractor's sworn statement.

We first note that neither party has raised the issue of jurisdiction in this matter; however, an appellate court is under a duty to consider its jurisdiction and to dismiss an appeal if jurisdiction is lacking. (*Gilkey v. Scholl* (1992), 229 Ill. App. 3d 989, 595 N.E.2d 183.) The court's jurisdiction is confined to reviewing final orders of judgment, unless the particular judgment or order falls within an enumerated category permitting interlocutory appeals. The denial of a motion to dismiss is not a final and appealable order. (*Pizzato's Inc. v. City of Berwyn* (1988), 168 Ill. App. 3d 796, 523 N.E.2d 51.) Consequently, jurisdiction of the appellate court to consider an interlocutory appeal must emanate from the supreme court rules.

The only supreme court rules concerning appeals from interlocutory orders are Rules 306, 307 and 308. (87 Ill. 2d Rules 306, 307, 308.) Rule 306 provides for permissive interlocutory appeals in certain specified situations, and Rule 307 provides for interlocutory appeals as a matter of right from specified orders. Rule 308 provides for permissive interlocutory appeals under circumstances where the trial court certifies a question under Supreme Court Rule 306 or 307. Further, when multiple parties or multiple claims for relief are involved in an action, an order may be final and appealable only with a special Rule 304(a) finding that there is no just reason to delay enforcement or appeal. 87 Ill. 2d R. 304(a).

In the instant case, the notice states that the appeal is from the "Opinion and Judgment" entered September 27, 1991. The "Opinion and Judgment" included a Rule 304(a) finding that there is no just reason to delay enforcement of the order or the appeal therefrom. Defendants likewise state in their brief that this appeal is brought pursuant to Supreme Court Rule 301, an appeal from a final judgment. However, the only issues raised in their brief address the trial court's denial of their motion to dismiss plaintiff's fourth amended complaint. This is clearly interlocutory in nature. The trial court in the instant case did not certify the question under Supreme Court Rule 308, and it is not suggested by defendants that this appeal comes within the purview of Supreme Court Rules 306 and 307. Although the court's order did include the requisite Rule 304(a) finding, that fact is not determinative here, where the only issue raised by defendant on appeal is the trial court's denial of their motion to dismiss plaintiff's complaint. The supreme court not having provided by rule for an appeal from this type of order, this court accordingly lacks jurisdiction to consider the appeal. *Pizzato's Inc. v. City of Berwyn* (1988), 168 Ill. App. 3d 796, 798, 523 N.E.2d 51.

Accordingly, the appeal is dismissed.

Appeal dismissed.

BUCKLEY and O'CONNOR, JJ., concur.