[Nos. 34684-9-I; 34730-6-I.   Division One.   April 3, 1995.]

HARRIET WALDEN, ET AL, *Respondents*, v. THE CITY OF
SEATTLE, ET AL, *Appellants*.

*Diane Geier Libby* and *Theron Buck,* for appellants.

*John D. Alkire, Traci A. Sammeth, Fred Diamondstone,*
and *Theodore Spearman,* for respondents.

PER CURIAM. — This matter arises out of a class action
suit against the City of Seattle and certain Seattle Police

Department officials and officers (hereafter the City). The action was filed in 1992 on behalf of the following class:

All misdemeanor or non-violent felony suspects, where there was not probable cause to believe that they have committed a crime involving the infliction or threatened infliction of serious physical harm, and innocent persons who were or will be attacked by Seattle Police Department police Dogs when, under the circumstances, the police did not have an objectively reasonable belief that the individuals were armed with a weapon or otherwise constituted a threat of serious physical harm to police officers or third persons during the three-year period immediately preceding the filing of this lawsuit inclusive or during the pendency of this lawsuit.

The central allegation of the class[1] is that Seattle Police Department dog handlers and their dogs use excessive and/or deadly force against misdemeanor and nonviolent felony suspects in violation of their state and federal constitutional rights.[2] The complaint alleges that Seattle Police Department policies and practices concerning police dogs allow such unconstitutional uses of force and also deprive minority persons of equal protection of the law.

Class representatives Pierre Porter and Donald Jones allege they were attacked and bitten by police dogs in circumstances not justifying the use of such force. Class representative Mark Scott alleges he suffered severe and lasting emotional distress when a police dog charged and cornered him. The representatives assert civil rights claims under 42 U.S.C. § 1983, as well as state tort claims, including false arrest, false imprisonment, malicious prosecution, assault, negligent failure to supervise and discipline officers who use excessive force, and infliction of emotional distress. The complaint seeks various declaratory and injunctive relief, including an order enjoining the continuation of current practices and policies and requiring police officers to

---

[1]The action is also brought on behalf of taxpayers "to enjoin the unlawful expenditure of funds by the City of Seattle in implementing these unlawful and unconstitutional policies and practices[.]"

[2]The complaint alleges that some 450 suspects were victims of police dog attacks during the 3-year period in question, and that there are in excess of 150 police dog bite victims every year.

use dogs to attack and bite only when there is probable cause to believe the suspect poses an immediate threat of death or serious physical injury to the officer or third parties. Additionally, the complaint seeks compensatory and punitive damages for the class members.

The Superior Court certified the class. The City subsequently moved for summary judgment on several grounds, including the theory that the police dog handlers and their supervisors were immune from suit under state and federal law. The court denied the motion.

The City subsequently filed a notice of appeal seeking review of the denial of that portion of its summary judgment motion requesting dismissal of the § 1983 action. In that appeal, the City contends police dog handlers and supervisors were immune from suit under federal law. The City also filed a separate notice of discretionary review seeking review of the denial of the remainder of its motion for summary judgment. The class filed a response to the motion for discretionary review, but moved to dismiss the appeal.

A commissioner of this court referred the motion to dismiss the appeal and the motion for discretionary review to this panel for accelerated review pursuant to RAP 18.12.[3]

## MOTION TO DISMISS APPEAL

The City's *appeal* is taken only from that portion of the court's ruling denying summary judgment as to the 42 U.S.C. § 1983 claim. The City contends summary judgment should have been granted as to that cause of action because the

---

[3]The City has moved to strike the portion of the class' response to the motion for discretionary review that discusses the § 1983 claims. That motion is denied.

The City has also moved to strike the class' response to the motion for discretionary review and the accompanying declaration of counsel on the ground that they contain factual assertions that were not part of the record before the trial court on summary judgment. However, the class has submitted a corrected response brief and declaration in which they have crossed out the objectionable references.

In light of the corrected response and declaration, we grant the motion to strike the original response and declaration and substitute the corrected versions of those filings. We note that, consistent with the rules governing review of summary judgments, this court limited its review to the materials that the record confirmed were before the trial court on summary judgment. RAP 9.12.

individual police supervisors and officers are immune from such a suit under federal law. The City further contends it is entitled under federal law to appeal that portion of the court's ruling as a matter of right.

The class, on the other hand, has moved to dismiss the appeal, arguing that neither federal nor state law entitles the City to an appeal from the immunity ruling as a matter of right. The City does not dispute, and it is clear under the relevant case law and the Rules of Appellate Procedure, that *state* law does not provide the City an appeal as of right in these circumstances. RAP 2.2(a); *Johnson v. Rothstein*, 52 Wn. App. 303, 759 P.2d 471 (1988); *Rye v. Seattle Times Co.*, 37 Wn. App. 45, 678 P.2d 1282, *review denied*, 102 Wn.2d 1004, *cert. denied*, 469 U.S. 1087 (1984). Thus, we need only decide whether the City is entitled to an appeal as of right under federal law, and, if not, whether the City should be granted discretionary review of the trial court's ruling.[4] A brief overview of the relevant federal law is necessary to understand the parties' positions on the appealability question.

In an action under § 1983, government employees, including police officers, are afforded qualified immunity under federal law unless, in the performance of discretionary duties, their conduct violated " 'clearly established statutory or constitutional rights of which a reasonable person would have known.' "[5] *Orwick v. Fox*, 65 Wn. App. 71, 83, 828 P.2d 12 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982)), *review denied*, 120 Wn.2d 1014 (1992); *Gurno v. LaConner*, 65 Wn. App. 218, 227, 828 P.2d 49, *review denied*, 119 Wn.2d 1019 (1992). "Because qualified immunity entitles a government official to immunity from suit rather than a mere defense to liability, it is essential that 'insubstantial claims' be resolved as quickly as possible."

---

[4]*See* RAP 5.1(c) (a notice of appeal of a decision that is not appealable will be given the same effect as a notice for discretionary review).

[5]The City, however, is not entitled to any qualified immunity available to its employees. *Robinson v. Seattle*, 119 Wn.2d 34, 64, 830 P.2d 318, *cert. denied*, 113 S. Ct. 676 (1992).

*Orwick*, 65 Wn. App. at 83-84 (quoting *Anderson v. Creighton*, 483 U.S. 635, 646 n.6, 97 L. Ed. 2d 523, 107 S. Ct. 3034 (1987)). Thus, entitlement to qualified immunity may be established as a matter of law on a motion for summary judgment or for a directed verdict. *Robinson v. Seattle*, 119 Wn.2d 34, 830 P.2d 318, *cert. denied*, 113 S. Ct. 676 (1992). Fact questions may, however, preclude summary judgment in some cases. *Altshuler v. Seattle*, 63 Wn. App. 389, 394-95, 819 P.2d 393 (1991), *review denied*, 118 Wn.2d 1023 (1992).

██ ██ The federal courts have held that a decision denying federal qualified immunity is immediately appealable as a matter of right.[6] *Mitchell v. Forsyth*, 472 U.S. 511, 86 L. Ed. 2d 411, 105 S. Ct. 2806 (1985); *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), *cert. denied*, 501 U.S. 1204 (1991). While a few state courts have concluded that they must also provide an immediate appeal from interlocutory immunity decisions in § 1983 actions,[7] most states have concluded that state rules of appellate procedure control over federal procedural law in such cases and/or that the availability of some form of discretionary or extraordinary interlocutory review is sufficient to satisfy any federal requirements and avoid violation of the supremacy clause.

For instance, in *Ohio Civil Serv. Employees Assn v. Moritz*, 39 Ohio App. 3d 132, 529 N.E.2d 1290 (1987), the court held that federal procedural law is not binding on the Ohio courts and refused to review an order denying summary judgment because it was not an appealable order under state law.[8] Similarly, in *Samuel v. Stevedoring Servs. of Am.*, 24

---

[6]Although the federal courts do not agree as to whether this rule applies when equitable relief, not just damages, is sought, the Ninth Circuit has held that an immediate appeal *is* available even when, as here, injunctive relief is sought. *DiMartini v. Ferrin*, 889 F.2d 922, 925 (9th Cir. 1989), *cert. denied*, 501 U.S. 1204 (1991).

[7]In *Park Cy. v. Cooney*, 845 P.2d 346 (Wyo. 1992), *cert. denied*, 114 S. Ct. 60 (1993), the court adopted the federal courts' rationale and held that an order denying dismissal was immediately appealable. *See also Henke v. Superior Court*, 161 Ariz. 96, 775 P.2d 1160 (1989); *Breault v. Chairman of Bd. of Fire Commrs*, 401 Mass. 26, 513 N.E.2d 1277 (1987), *cert. denied*, 485 U.S. 906 (1988).

[8]*See also Ryan v. Augusta*, 622 A.2d 74 (Me. 1993) (state courts are not constrained to follow federal rule allowing immediate appeal; state rules of appellate

Cal. App. 4th 414, 29 Cal. Rptr. 2d 420 (1994), the court noted that no appeal of right from a pretrial immunity ruling is available under California law, and rejected the argument that the federal supremacy clause requires state courts to follow the federal immediate appeal rule. In a well-reasoned decision, the court rejected the supremacy clause argument in part because Californias rules of appellate procedure, though disallowing an appeal as of right in such circumstances, allow for interlocutory review equivalent to the discretionary review available under our Rules of Appellate Procedure. *See* RAP 2.1, 2.3. The *Samuel* court concluded that Californias "pretrial review procedures provide more than a reasonable opportunity to defendants to assert prior to trial federally guaranteed immunity rights in appellate courts." *Samuel*, 24 Cal. App. 4th at 423.[9] The court further noted that Californias limitation on pretrial appeals is nondiscriminatory — *i.e.*, it applies equally to actions based on state or federal law — and does not contravene the purpose of the federal immunity sought by the *Samuel* defendants.

We find the *Samuel* courts reasoning persuasive. We hold that no appeal as of right is available to the City under our Rules of Appellate Procedure, and that the supremacy clause is not violated by this holding because our discretionary review procedure provides an adequate and nondiscriminatory opportunity for immediate review of an adverse pretrial ruling. However, in order to ensure full and adequate protection of federal immunity rights, we believe the discretionary review criteria in RAP 2.3(b)[10] must be liberally applied.

---

procedure control); *Noyola v. Flores*, 740 S.W.2d 493 (Tex. Civ. App. 1987); *Pizzatos, Inc. v. Berwyn*, 168 Ill. App. 3d 796, 523 N.E.2d 51 (1988), *cert. denied*, 489 U.S. 1054 (1989).

[9]In a similar vein, some courts have held that the supremacy clause cannot create state appellate court jurisdiction where it does not otherwise exist pursuant to state constitutions, statutes and court rules. *E.g., McLin v. Trimble*, 795 P.2d 1035 (Okla. 1990) (court denying an interlocutory appeal as of right, but holding that there is a right to seek extraordinary relief in the appellate court); *Klindtworth v. Burkett*, 477 N.W.2d 176 (N.D. 1991).

[10]RAP 2.3(b) provides for discretionary review only:

"(1) If the superior court has committed an obvious error which would render further proceedings useless; or

Therefore, in these limited circumstances, we will grant discretionary review under RAP 2.3(b)(1) or (2) if obvious or probable error is shown *regardless* of whether the error renders "further proceedings useless" or "substantially alters the status quo or substantially limits the freedom of a party to act[.]" RAP 2.3(b)(1), (2). With these modifications, our states discretionary review procedure provides adequate review of federal immunity rulings made prior to trial.

Accordingly, we grant the motion to dismiss the appeal and will treat the notice of appeal as a motion for discretionary review. *See* RAP 5.1(c).

The remainder of this opinion has no precedential value and will be filed for public record in accordance with the rules governing unpublished opinions.

---

"(2) If the superior court has committed probable error and the decision of the superior court substantially alters the status quo or substantially limits the freedom of a party to act; or

"(3) If the superior court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by an inferior court or administrative agency, as to call for review by the appellate court."