# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ANDREW P. LEITNER, | No. 52908-4-II |
| Appellant, | |
| v. | |
| CITY OF TACOMA and DEPARTMENT OF LABOR AND INDUSTRIES, | ORDER GRANTING MOTION TO PUBLISH AND PUBLISHING OPINION |
| Respondents. | |

Respondent Department of Labor and Industries filed a motion to publish this court's

opinion filed on August 18, 2020. After consideration, the court grants the motion. It is now

**ORDERED** that the opinion will now be published.

**PANEL:** Jj. Melnick, Sutton, Cruser

**FOR THE COURT:**

CRUSER, J.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ANDREW P. LEITNER, | No. 52908-4-II |
| Appellant, | |
| v. | |
| CITY OF TACOMA and DEPARTMENT OF LABOR AND INDUSTRIES, | UNPUBLISHED OPINION |
| Respondents. | |

CRUSER, J. — Andrew P. Leitner appeals from a jury verdict affirming the Board of Industrial Insurance Appeals' (Board) denial of his occupational disease claim under former RCW 51.32.185 (2007). Leitner asks us to reverse, arguing that (1) the Board and the superior court improperly limited the scope of the statutory presumption under former RCW 51.32.185, (2) the superior court failed to apply the correct burden of proof on the City of Tacoma (City) under former RCW 51.32.185, (3) the superior court erred when it refused to modify or reverse the Board's findings and decision, (4) the superior court erred when it denied his motion for summary judgment, (5) the superior court erred when it denied his motion to exclude certain witness testimony, and (6) he is entitled to fees and costs for services rendered before the Board and on appeal.

We hold that the superior court did not limit the scope of the statutory presumption or abuse its discretion by not modifying or reversing the Board's findings and decision. We deny Leitner's request for fees and costs and decline to consider Leitner's remaining claims.

Accordingly, we affirm.

FACTS

I. BACKGROUND AND MEDICAL HISTORY

Leitner worked as a firefighter for the City for over 30 years. While working as a firefighter, Leitner also served as a marine officer, an incident commander, a fire lieutenant, and a member of the hazardous material team. As a part of his job, Leitner regularly physically exerted himself. Leitner was also regularly exposed to smoke, fumes, and other toxic substances. In particular, Leitner was often exposed to diesel fumes from the diesel-powered fire engines and fireboat.

As a marine officer, Leitner performed duties on a fireboat. On December 31, 2014, Leitner responded to a disabled boat when working on the fireboat. While pulling up the boat's anchor, Leitner experienced upper back pain between his shoulders that radiated into his chest and down his left arm. Leitner also experienced weakness, dizziness, shortness of breath, and nausea. After the December 31 incident, Leitner reported regularly feeling pain between his shoulders and into his left arm, weakness, dizziness, fatigue, and nausea.

On February 25, 2015, Leitner began a 24-hour shift. His shift was busy, and he was exposed to diesel fumes while working, which was normal for Leitner. During his shift, Leitner assisted two other firefighters in lifting a heavy man from the floor while on a suppression call. After lifting the man, Leitner experienced extreme left arm pain and felt dizzy, lightheaded, and fatigued.

Leitner's symptoms significantly worsened. On the morning of February 28, Leitner called 911 and was transported to the hospital. Leitner experienced a myocardial infarction, commonly

3

referred to as a heart attack. Leitner had a 100 percent blockage in his left descending artery. Dr. Peter Chen conducted an emergency stent placement.

## II. PROCEDURAL HISTORY

Leitner filed an application for benefits to the Department of Labor and Industries (L&I) for his heart problems experienced on December 31, 2014, which culminated to his myocardial infarction on February 28, 2015. On June 26, 2015, L&I rejected his claim, reasoning that Leitner's condition was the result of a pre-existing condition and not an industrial injury as defined by Industrial Insurance Laws.

Leitner appealed, arguing that L&I failed to comply with former RCW 51.32.185. Former RCW 51.32.185(1) provides a rebuttable presumption for firefighters who experience heart problems within 72 hours of exposure to smoke, fumes, or toxic substances, or within 24 hours of strenuous physical exertion on the job. On October 13, 2015, L&I issued an order that reversed its June 26, 2015 order rejecting Leitner's claim. However, L&I accepted Leitner's claim for only "the heart problem treated on" February 28, 2015 pursuant to former RCW 51.32.185.[1] Clerk's Papers (CP) at 284.

### A. INDUSTRIAL APPEALS JUDGE HEARING AND RULING

The City appealed L&I's October 13, 2015 order to the Board. The Board's Industrial Appeals Judge (IAJ) held a hearing. Leitner presented the testimony of Aubrey Young, a physician's assistant, who was Leitner's primary provider. Young testified that she had examined

---

[1] L&I's order states RCW 51.32.182, which does not exist. This is clearly a scrivener's error and should have been RCW 51.32.185.

Leitner prior to December 31, 2014 and saw no signs of cardiovascular distress. She opined that any heart problems must be work related.

The City presented Cardiologist Dr. Robert Thompson to testify to his independent medical examination performed on Leitner. Thompson noted that Leitner had no history of high blood pressure, high cholesterol, or cigarette smoking. Leitner "has a family history of coronary artery disease in that his mother had a coronary bypass in her mid-50s," which increased Leitner's chances of a myocardial infarction. *Id.* at 269. Thompson diagnosed Leitner with coronary artery disease. He opined that the first manifestations of the disease occurred on December 31, 2014, when Leitner experienced angina pectoris, or chest pain, during exertion due to inability to increase blood flow through narrow arteries. Eventually, his coronary artery disease caused a total blockage on February 28, 2015.

Thompson explained that Leitner's coronary artery disease was a pre-existing condition in which cholesterol had been building in his arteries for many months or years. Thompson stated that exposure to open air diesel fumes from the fire engines or fireboat could not cause a myocardial infarction. He testified that Leitner's work did not cause, aggravate, or light up his heart condition. He also testified that Leitner's myocardial infarction did not occur within 24 hours of performing strenuous activity as a firefighter.

L&I presented testimony of Chen, the cardiologist who treated Leitner on February 28, 2015, when he experienced a myocardial infarction. Chen also diagnosed Leitner with coronary artery disease. He testified that factors for heart disease include diabetes, high cholesterol, smoking, obesity, and family history of heart disease. Chen testified that "obesity is a risk for heart disease, but it is not [an] important risk." *Id.* at 1620. He testified that the "important cardiac risks

include diabetes, hypertension, high cholesterol, smoking, and family history." *Id.* at 1620. Chen stated that Leitner was obese, but he discovered no signs of hypertension or diabetes, and Leitner did not smoke. Chen stated that Leitner's myocardial infarction was acute and was caused by plaque breaking loose within his artery.

Chen offered no opinion as to how diesel fumes may have affected Leitner's condition. Chen also did not know if Leitner's chest pain experienced before his myocardial infarction on February 28 was an ongoing myocardial infarction that exceeded 24 to 48 hours.

The City presented testimony from Frank Riordan, an industrial hygienist. Riordan performed emissions tests on Leitner's fireboat on two different days. He did not test emissions in the fire station. Riordan tested for levels of diesel fumes and by-products of burning diesel fuel, such as nitrogen dioxide, nitric oxide, sulfur dioxide, carbon monoxide, and carbon dioxide. Riordan concluded that all measurable gasses were "very low" and that no special precautions were necessary to limit firefighters' exposure to diesel fumes while working on the fireboat. *Id.* at 1451.

On October 26, 2016, the IAJ issued a proposed decision and order. The IAJ concluded that Leitner's condition was an occupational disease within the meaning of RCW 51.08.140 and affirmed L&I's acceptance of Leitner's claim for his heart problem experienced on February 28, 2015.

B. THE BOARD'S RULING ON APPEAL

The City petitioned the IAJ's decision to the Board. The Board reviewed the IAJ's record and disagreed with its ruling. The Board found that Leitner met the statutory presumption set forth in former RCW 51.32.185, but that the City's expert medical opinions rebutted the presumption.

The Board found that Thompson and Chen made clear that Leitner's myocardial infarction experienced on February 28 was a result of coronary artery disease, or the buildup of plaque in his arteries, which developed over a long period of time.

The Board reversed L&I's October 13, 2015 order accepting Leitner's claim and entered the following conclusions of law: (1) "[t]he rebuttable presumption of occupational disease provided by RCW 51.32.185 applies to" Leitner's myocardial infarction, (2) "Leitner's myocardial infarction is not an occupational disease within the meaning of RCW 51.08.140[,]" and (3) L&I's order granting Leitner's claim for his heart problem treated on February 28, 2015 is incorrect. *Id.* at 61-62. The Board remanded Leitner's claim to L&I to issue an order rejecting his claim.

C. APPEAL TO SUPERIOR COURT

Leitner appealed the Board's decision to superior court, where he moved for summary judgment reversal. Leitner argued that the Board (1) failed to properly apply the former RCW 51.32.185 presumption of firefighter occupational heart disease, thereby depriving him of the benefit of the presumption; (2) erred when determining that the City rebutted the presumption that his heart problem was occupational; and (3) failed to apply the former RCW 51.32.185 presumption to his chest pain that occurred on December 31, 2014. Leitner also requested attorney fees and costs. The superior court denied Leitner's motion for summary judgment, concluding that there was a genuine issue of material fact as to whether the City rebutted the statutory presumption of former RCW 51.32.185.

Leitner moved to strike the testimony of Riordan due to "lack of foundation, prejudice, confusion, incomplete and unrealistic test conditions, and lack of scientific validity." *Id.* at 1211. Leitner argued that his testimony should be excluded because his findings were incomplete and

not based on realistic conditions. The court denied his request but struck portions of Riordan's deposition testimony where he compared the results of his measurements to federal legal standards.

The case proceeded to trial, and the jury was read the record offered before the Board. The court instructed the jury that the issues to be decided where (1) whether the Board was correct when it concluded that the City had rebutted the statutory presumption that Leitner's "heart problems were an occupational disease[,]" and (2) whether the Board was correct when it concluded Leitner did not establish that his "heart problems were an occupational disease." *Id.* at 1935.

The court also instructed the jury on the presumption set forth in former RCW 51.32.185 and the City's burden of proof before the Board. As to the presumption, the court instructed the jury that "[y]ou are to presume that if a firefighter experienced any heart problems within seventy-two hours of exposure to smoke, fumes, or toxic substances, or within twenty-four hours of strenuous physical exertion due to firefighting, then those activities were a cause of those heart problems." *Id.* at 1926. The court instructed the jury that before the Board, the City had the burden to rebut the presumption that Leitner's "heart problem(s) arose naturally out of his conditions of employment[,]" and "his employment is a proximate cause of his heart problem(s)." *Id.* at 1923.

The court also instructed the jury on the Board's findings and decision.[2] Following the reading of the findings and decision, the court instructed the jury by stating that "[b]y informing you of these findings [and decision] the court does not intend to express any opinion on the correctness or incorrectness of the Board's findings [and decision]." *Id.* at 1920-21.

---

[2] RCW 51.52.115 states that "[w]here the court submits a case to the jury, the court shall by instruction advise the jury on the exact findings of the board on each material issue before the court."

During his closing argument, Leitner discussed the court's instructions to the jury. Leitner argued that the presumption applied to any heart problems experienced within 72 hours of exposure to smoke, fumes, or toxic substances. Leitner argued that his heart problems began on December 31, 2014, and that all his heart problems experienced after December 31, 2014 applied to the presumption under former RCW 51.32.185.

The jury found that the Board correctly decided that the City rebutted the presumption that Leitner's heart problems were an occupational disease. The jury also found that the Board correctly decided that Leitner did not prove that his heart problems were an occupational disease. The court entered a formal judgment reciting the jury's findings and an order affirming the Board's rejection of Leitner's claim.

Leitner appeals the court's judgment and order.

## DISCUSSION

### I. STANDARD OF REVIEW

The Industrial Insurance Act (IIA), Title 51 RCW, governs judicial review of workers' compensation cases. In an appeal to the superior court, the court acts in an appellate capacity and reviews the findings and decision of the Board de novo, relying exclusively on the evidence presented to the Board. *Ruse v. Dep't of Labor & Indus.*, 138 Wn.2d 1, 5, 977 P.2d 570 (1999). "'Only issues of law or fact that were included in the notice of appeal to the Board or in the proceedings before the Board may be raised in the superior court.'" *City of Bellevue v. Raum*, 171 Wn. App. 124, 139, 286 P.3d 695 (2012) (quoting *Elliott v. Dep't of Labor & Indus.*, 151 Wn. App. 442, 446, 213 P.3d 44 (2009)).

The Board's decision and order are presumed correct and the burden of proof is on the party challenging the decision. RCW 51.52.115; *Spivey v. City of Bellevue*, 187 Wn.2d 716, 729, 389 P.3d 504 (2017). The party challenging the decision in an appeal must establish a prima facie case for the relief sought on appeal, and they must do so by a preponderance of the evidence. RCW 51.52.050(2)(a); *Dep't of Labor & Indus. v. Rowley*, 185 Wn.2d 186, 206, 210, 378 P.3d 139 (2016).

RCW 51.52.115 provides the right to trial by jury to resolve factual disputes. *Raum*, 171 Wn. App. at 139. "'[T]he trier of the fact, be it court or jury, is at liberty to disregard board findings and decision if, notwithstanding the presence of substantial evidence, it is of the opinion that other substantial evidence is more persuasive.'" *Id.* at 139 (alteration in original) (quoting *Gaines v. Dep't of Labor & Indus.*, 1 Wn. App. 547, 550, 463 P.2d 269 (1969)).

On an appeal of an industrial insurance claim from the superior court, the appellate court reviews the superior court's decision, not the Board's order. RCW 51.52.140; *Rowley*, 185 Wn.2d at 200. The appellate court reviews the record to determine "'whether substantial evidence supports the findings made after the superior court's de novo review and whether the court's conclusions of law flow from the findings.'" *Gorre v. City of Tacoma*, 184 Wn.2d 30, 36, 357 P.3d 625 (2015) (alteration in original) (quoting *Ruse*, 138 Wn.2d at 5). We view the record in the light most favorable to the party who prevailed in superior court. *Rogers v. Dep't of Labor & Indus.*, 151 Wn. App. 174, 180, 210 P.3d 355 (2009).

II. FORMER RCW 51.32.185: FIREFIGHTER PRESUMPTION

Under the IIA, a claimant is entitled to certain benefits if the claimant suffers from an "occupational disease." *Gorre*, 184 Wn.2d at 33. An occupational disease is disease that "arises naturally and proximately out of employment." RCW 51.08.140. The worker generally has the burden of proving that a disease suffered is an occupational disease. *Spivey*, 187 Wn.2d at 726.

Former RCW 51.32.185(1) provides an exception to firefighters to the IIA's general rule that the claimant carries the burden of proof. *Gorre*, 184 Wn.2d at 47. As relevant here, the statute provides a rebuttable evidentiary presumption that any heart problem experienced within 72 hours of exposure to smoke, fumes, or toxic substances, or within 24 hours of strenuous physical exertion during employment, is an occupational disease. Former RCW 51.32.185(1)(b). Thus, if the heart condition qualifies under this definition, the law eliminates the need for the firefighter to prove causation, or that the heart condition arose naturally and proximately out of the firefighter's employment.

However, the presumption set forth in former RCW 51.32.185(1) is a rebuttable presumption. If the firefighter shows that the heart condition qualifies under the statute, the burden shifts to the employer to show, by a preponderance of the evidence, or more likely than not standard, that the condition is not occupational. Former RCW 51.32.185(1)(d); *Spivey*, 187 Wn.2d at 735. If the employer meets its burden, the presumption is rebutted. *Raum*, 171 Wn. App. at 141. The firefighter may still receive workers' compensation benefits, but the firefighter retains the burden of proof. *Spivey*, 187 Wn.2d at 727.

It takes more than production of contrary evidence for the employer to rebut the presumption. *Id.* at 732. The presumption set forth in former RCW 51.32.185(1) shifts the burden

of production and persuasion to the employer. When a firefighter shows that he or she suffers from a qualifying disease, the employer has the burden to both (1) "*produce* contrary evidence and" (2) "*persuade* the finder of fact" that the disease, more probably than not, arose from nonoccupational factors. *Spivey*, 187 Wn.2d at 735. The question of whether the employer rebutted the presumption is a question of fact that requires weighing all the evidence. *Id*. at 729.

A. APPLICATION OF THE PRESUMPTION

Leitner claims that the superior court improperly limited the heart conditions suffered by Leitner to which the firefighter presumption could apply.[3] Leitner argues that the court improperly applied the presumption by limiting its application to his February 28, 2015 myocardial infarction. We hold that Leitner's claim lacks merit because, as L&I and the City both correctly contend, the superior court did not, in fact, limit the jury's application of the firefighter presumption to only Leitner's myocardial infarction.[4]

Our review of the record demonstrates that the superior court did not limit the jury's consideration to only Leitner's February 28, 2015 myocardial infarction. Leitner argued that all

___

[3] Leitner also argues that the Board committed "reversible error" by improperly limiting the heart conditions suffered by Leitner to which the firefighter presumption could apply. Br. of Appellant at 5. But as L&I and the City both point out, the Board's order is not the subject of review in this appeal. This court reviews the superior court's decision, not the Board's decision and order. RCW 51.52.140; *Rowley*, 185 Wn.2d at 200. Thus, Leitner's assignment of error, to the extent it asks us to reverse the Board, fails.

[4] The City includes a lengthy argument in its brief to the effect that the superior court erred in allowing Leitner to place all of his heart problems before the jury because the proper scope of review of the Board's order was limited to the myocardial infarction. The City presents this argument as though it is an assignment of error by the City. But the City did not file a cross appeal in this case. Therefore, the City cannot lodge an assignment of error.

his heart problems apply to the presumption, and the trial court's instructions and verdict form unambiguously provided that the presumption applied to all of Leitner's heart problems.

For example, the court instructed the jury that before the Board, the City had the burden to rebut the presumption that Leitner's "*heart problem(s)* arose naturally out of his conditions of employment" and "his employment [was] a proximate cause of his *heart problem(s)*." CP at 1923 (emphasis added). The court made clear that the presumption applied to all Leitner's heart problems and not just the myocardial infarction, advising the jury, "[y]ou are to presume that if a firefighter experienced any *heart problems* within seventy-two hours of exposure to smoke, fumes, or toxic substances, or within twenty-four hours of strenuous physical exertion due to firefighting, then those activities were a cause of those *heart problems*." *Id.* 1926 (emphasis added). The court also instructed the jury that it must decide whether the City "rebutted, by a preponderance of the evidence, the statutory presumption that Mr. Leitner's *heart problems* were an occupational disease." *Id.* at 1922 (emphasis added).

Furthermore, the instructions facilitated Leitner's argument to the jury that it should apply the presumption to all his heart problems. For example, during his closing argument, Leitner argued to the jury that the presumption applied to any heart problems experienced within 72 hours of exposure to smoke, fumes, or toxic substances. On multiple occasions, Leitner argued that the angina pectoris that he experienced regularly beginning on December 31, 2014 until he experienced his myocardial infarction on February 28, 2015 should be considered when applying the presumption.

Because the court did not limit the jury's consideration to only Leitner's February 28, 2015 myocardial infarction, Leitner's claim fails.[5]

B. SUPERIOR COURT'S FAILURE TO REVERSE OR MODIFY THE FINDINGS AND DECISION OF THE BOARD

Leitner claims that the superior court erred because the court should have reversed or modified the Board's findings and decision based on his assertions that the Board erroneously limited the application of the firefighter presumption to only his myocardial infarction, and that the Board employed the wrong burden of proof.

We conclude that the superior court did not abuse its discretion when it declined to reverse or modify the Board's findings and decision. Moreover, Leitner misunderstands the procedure set forth in RCW 51.52.115.

With regard to his argument that the superior court should have modified the findings and decision of the Board, Leitner misreads the statute. In support of his argument, Leitner relies on the following portion of RCW 51.52.115:

> If the court shall determine that the board has acted within its power and has correctly construed the law and found the facts, the decision of the board shall be confirmed; otherwise, it *shall be reversed or modified*.

---

[5] Leitner includes an assignment of error that "[t]he Board and the Superior Court committed reversible error by failing to place the proper burden of proof on the City of Tacoma, per RCW 51.32.185 and as construed by the Appellate Court in *Gorre v. City of Tacoma* and the Supreme Court in *Spivey v. City of Bellevue*." Br. of Appellant at 5. Leitner provides one statement in his brief that the superior court failed to apply the correct burden of proof on the City. Leitner does not provide any argument, citation to the record, or legal authority in support of his assertion. RAP 10.3(a)(6) directs each party to supply in its brief, "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." Furthermore, "[p]assing treatment of an issue or lack of reasoned argument" does not merit our consideration. *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998). Therefore, we decline to address this assignment of error.

(Emphasis added.)

RCW 51.52.115 provides the superior court with the authority to modify or reverse the Board's decision on the merits if the superior court determines that the Board's findings or decision were incorrect. Contrary to Leitner's suggestion, the language he relies upon does not pertain to appeals to the superior court that are tried to a jury. When tried to a jury, it is the jury, not the superior court, that determines whether the Board's findings or decision should be reversed or modified because they are incorrect.

Leitner's argument that the court should have modified the Board's findings and decision is also contrary to the procedural requirements of a jury trial set forth in RCW 51.52.115. The statute expressly states that in jury cases, "the court shall by instruction advise the jury of the *exact findings* of the board on each material issue before the court." RCW 51.52.115 (emphasis added). Although not entirely clear, it appears that Leitner envisions a hybrid procedure where the court substantially modifies the Board's findings and decision before informing the jury of the findings and decision. However, RCW 51.52.115 does not provide for such procedure. RCW 51.52.115 is clear that the trial court is required to advise the jury of the Board's exact findings and decision.

With regard to Leitner's claim that the superior court should have reversed the findings and decision of the Board, Leitner appears to argue that the superior court should have reversed the Board's findings and decision as a matter of law, and that RCW 51.52.115 provided the superior court with the authority to do so. But as the City correctly observes, "RCW 51.52.115 does not bestow upon the trial court judge the authority to unilaterally dispose of appeals on the merits in a jury trial." Br. of Resp't City at 27. Leitner, for his part, cites no authority to support his contention that the superior court had the authority to reverse the Board in an appeal which

15

was tried to a jury. RCW 51.52.115 ("In appeals to the superior court hereunder, either party shall be entitled to a trial by jury upon demand, and the jury's verdict shall have the same force and effect as in actions at law.").

"'[T]he trier of the fact, be it court or jury, is at liberty to disregard board findings and decision if,'" it finds by a preponderance of evidence that the Board's decision is erroneous. *Raum*, 171 Wn. App. at 139 (alteration in original) (quoting *Gaines*, 1 Wn. App. at 550). To protect the jury's de novo review of the Board's findings and decision, the superior court is required to advise the jury of findings on material issues before the court. *Gaines*, 1 Wn. App. at 551. Without being informed of the Board's findings and decision, the jury could not know whether the Board's decision was supported by substantial evidence. *See Spivey*, 187 Wn.2d at 737-38.

Here, Leitner's case proceeded to jury trial to determine whether the Board "correctly construed the law and found the facts." RCW 51.52.115. At trial, Leitner was free to argue that the Board's findings and decision were incorrect or not supported by substantial evidence. Leitner was also free to argue that the Board's findings and decision were incorrect because the Board failed to address other heart issues that he believed also applied to the presumption under former RCW 51.32.185(1). Furthermore, the superior court's instructions to the jury facilitated review of Leitner's arguments by stating that the jury must decide whether (1) the City had rebutted, by a preponderance of the evidence, the statutory presumption that Leitner's "heart *problems* were an occupational disease[,]" and (2) whether Leitner established, by a preponderance of the evidence, that his "*heart problems* were an occupational disease." CP at 1922 (emphasis added).

Ultimately, the question of whether Leitner's other heart problems qualified for application of the statutory presumption was a factual question for the jury. The question of whether the Board

incorrectly applied the presumption by failing to address Leitner's other heart problems was also a question for the jury. Therefore, we conclude that Leitner's argument that the superior court erred by failing to reverse or modify the Board's findings and decision lacks merit.[6]

C. SUMMARY JUDGMENT

Leitner argues that the superior court committed reversible error by denying his motion for summary judgment because as a matter of law, the City did not rebut the presumption under former RCW 51.32.185(1). Because Leitner did not appeal the superior court's denial of summary judgment, we decline to consider his argument.

We review summary judgment rulings de novo. *Strauss v. Premera Blue Cross*, 194 Wn.2d 296, 300, 449 P.3d 640 (2019). However, we will only review a trial court decision as a matter of right as provided in RAP 2.2. Furthermore, we do not review a trial court's denial of a summary judgment after a jury trial under RAP 2.2. *Hudson v. United Parcel Serv., Inc.*, 163 Wn. App. 254, 257 n. 1, 258 P.3d 87 (2011); *Johnson v. Rothstein*, 52 Wn. App. 303, 306, 759 P.2d 471 (1988).

In *Johnson*, we held that "an order denying summary judgment, based upon the presence of material, disputed facts, will not be reviewed when raised after a trial on the merits." 52 Wn. App. at 306. The purpose of summary judgment is to avoid useless trials, and once a trial on the

_____

[6] In his reply brief, Leitner cites to *Clark County v. McManus*, 188 Wn. App. 228, 244-45, 354 P.3d 868 (2015), *rev'd in part on other grounds*, 185 Wn.2d 466, 372 P.3d 764 (2016), for the proposition that the court may revise a Board finding before informing the jury of the Board's finding. In that case, the court found that the Board's finding contained a scrivener's error that prejudiced the claimant because the finding referenced the wrong injury. *Id*. at 244. Because the error materially affected the outcome of the trial, the case was reversed and remanded for a new trial. *Id*. at 245. Leitner does not explain how this case has any application to his matter, as Leitner does not claim that the Board's findings and decision contain a scrivener's error that prejudiced him at trial.

merits is held, review of summary judgment does nothing to further its purpose. *Id*. at 307. An exception to this general rule occurs where the decision on summary judgment turned solely on a substantive issue of law. *Kaplan v. Nw. Mut. Life Ins. Co.*, 115 Wn. App. 791, 804, 65 P.3d 16 (2003).

Here, Leitner failed to appeal the superior court's denial of his motion for summary judgment before he submitted his case to a jury trial and verdict. Leitner also failed to cite any legal authority which would allow us to review the superior court's summary judgment order. Leitner contends only that the court erred in denying his motion, and that his motion presented a question of law of whether the City rebutted the presumption. However, the superior court correctly treated the question of whether the City had rebutted the presumption that Leitner's heart problems were occupational as a genuine issue of material fact. Moreover, Leitner undermines his argument that the City could not rebut the presumption as a matter of law by engaging in a lengthy discussion of the facts that support his position that the City did not rebut the presumption.

We decline to review Leitner's claim because the superior court denied his motion for summary judgment on the grounds that there was a genuine issue of material fact and the case went to trial thereafter.

## III. Attorney Fees

Leitner requests fees and costs on appeal and for services rendered before the Board under former RCW 51.32.185(9). We decline Leitner's request for fees and costs.

RCW 51.32.185(9)(a) and (b) provide that when a determination involving the presumption under RCW 51.32.185(1) is appealed to the Board or any court, "and the final decision allows the

18

claim for benefits," the Board or the court "shall order that all reasonable costs of the appeal, including attorney fees and witness fees, be paid to the firefighter."

Here, we affirm the jury's verdict and the superior court's order affirming the Board's order reversing L&I's approval of benefits. Accordingly, we decline Leitner's request for fees and costs under RCW 51.32.185(9) because the final decision does not allow for the claim of benefits.[7]

---

[7] Leitner also argues that the superior court committed reversible error by denying Leitner's motion to exclude the testimony of Riordan. We decline to review the merits of Leitner's claim because Leitner does not provide any argument in support of his claim. Leitner provides some discussion on this matter in his statement of the facts, however RAP 10.3(a)(5) is clear that an appellant's statement of the facts is reserved for "facts and procedure relevant to the issues presented for review, without argument." Leitner also briefly touches on this issue in his reply brief but fails to provide any reasoned argument supported by legal authority on why the superior court abused its discretion. We decline to consider whether the court committed reversible error by denying Leitner's motion to exclude the testimony due to his passing treatment and lack of reasoned argument on this issue. *Holland*, 90 Wn. App. at 538.

No. 52908-4-II

CONCLUSION

We hold that the superior court did not limit the scope of the statutory presumption or abuse its discretion by not modifying or reversing the Board's findings and decision, and we deny Leitner's request for fees and costs. Last, we decline to address Leitner's remaining claims.

Accordingly, we affirm the jury's verdict and the superior court's order affirming the Board's order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

MELNICK, J.

SUTTON, A.C.J.