[No. 7861–2–III.   Division Three.   October 20, 1987.]

LARRY R. HAMILTON, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*

*Kenneth O. Eikenberry, Attorney General,* and *Dennis J. Beemer, Assistant,* for appellant.

*James K. Woods,* for respondent.

GREEN, J.—On February 7, 1982, while employed by the Omak Police Department, Larry Hamilton sustained an industrial injury when he lifted and carried an arrestee into the police station. The Department of Labor and Industries initially closed the claim on October 19, 1982, with payment for loss of compensation but no award for permanent partial disability. The Department's order denied responsibility for Mr. Hamilton's abscesses and depressed mental health on the basis these conditions were unrelated to the industrial injury. The Board of Industrial Insurance Appeals affirmed the Department's decision on October 31, 1985.

Mr. Hamilton appealed to superior court. Over the Department's objection, the court instructed the jury:

> In cases under the Industrial Insurance Act of the State of Washington, special consideration should be given to the opinion of the plaintiff's attending physician.

The medical testimony came from two physicians—Dr. William McKee, the attending physician, and Dr. Philip Suver, who examined Mr. Hamilton on behalf of the Department. The jury rendered a verdict in favor of Mr.

Hamilton. Accordingly, a judgment was entered directing the Department to issue an order accepting responsibility for Mr. Hamilton's condition and thereafter pay the appropriate benefits. The Department appealed to this court.

The Department contends the court erred in giving the above instruction as it was a comment on the evidence and invaded the province of the jury with respect to the weight and credibility to be given the medical testimony. Mr. Hamilton argues the instruction stated a well established principle of workers' compensation law and, furthermore, the Department waived its objection by failing to propose a revised instruction. We disagree and therefore reverse.

It is true, as Mr. Hamilton points out, appellate decisions involving the Department of Labor and Industries state that special consideration should be given to the opinion of the attending physician. *Chalmers v. Department of Labor & Indus.,* 72 Wn.2d 595, 599, 434 P.2d 720 (1967); *Groff v. Department of Labor & Indus.,* 65 Wn.2d 35, 45, 395 P.2d 633 (1964); *Spalding v. Department of Labor & Indus.,* 29 Wn.2d 115, 129, 186 P.2d 76 (1947). However, this does not support incorporating the language into a jury instruction. *Swope v. Sundgren,* 73 Wn.2d 747, 750, 440 P.2d 494 (1968); *Turner v. Tacoma,* 72 Wn.2d 1029, 1034, 435 P.2d 927 (1967); *Braxton v. Rotec Indus., Inc.,* 30 Wn. App. 221, 227, 633 P.2d 897, *review denied,* 96 Wn.2d 1023 (1981); *State v. Williams,* 28 Wn. App. 209, 212, 622 P.2d 885, *review denied,* 95 Wn.2d 1024 (1981). Our review of appellate decisions indicates such language is used solely as a tool to determine if the evidence was sufficient to support the trial court's findings or jury verdicts, *Groff v. Department of Labor & Indus., supra,* or to submit the issue to a jury, *Spalding v. Department of Labor & Indus., supra. See also Seattle–Tacoma Shipbuilding Co. v. Department of Labor & Indus.,* 26 Wn.2d 233, 173 P.2d 786 (1946); *Peterson v. Department of Labor & Indus.,* 22 Wn.2d 647, 157 P.2d 298 (1945); *Smith v. Department of Labor & Indus.,* 180 Wash. 84, 38 P.2d 1016 (1934); *Zipp v. Seattle Sch. Dist. 1,* 36 Wn. App. 598, 676 P.2d 538, *review*

*denied,* 101 Wn.2d 1023 (1984). In *Chalmers v. Department of Labor & Indus., supra,* for example, although the special consideration language was recognized and discussed, the court determined the attending physician's opinion was overcome by the other evidence. No decision has been cited to this court wherein the jury was instructed to give special consideration to the attending physician's testimony. Nor have we found one. Thus, the giving of the instruction is not supported by appellate authority.

█ Furthermore, the giving of the instruction was, as contended by the Department, a comment on the evidence. Article 4, section 16 of our state constitution provides: "Judges shall not charge juries with respect to matters of fact, *nor comment thereon,* but shall declare the law." (Italics ours.) This provision prohibits the trial judge from conveying to the jury his or her personal opinion or view regarding the credibility, weight or sufficiency of evidence introduced at trial. *Egede–Nissen v. Crystal Mt., Inc.,* 93 Wn.2d 127, 139, 606 P.2d 1214 (1980); *State v. Jacobsen,* 78 Wn.2d 491, 495, 477 P.2d 1 (1970); *State v. Alvis,* 70 Wn.2d 969, 975, 425 P.2d 924 (1967). Although the instruction here does not indicate the court's personal belief or disbelief of a witness' testimony, or articulate the court's opinion toward the merits, the jury is instructed to place greater emphasis and, therefore, credibility on Dr. McKee's testimony solely by virtue of his status as Mr. Hamilton's attending physician. Thus, the instruction invades the province of the jury to judge the weight and credibility of the evidence and was an improper comment on the evidence.

Notwithstanding, Mr. Hamilton argues that by failing to propose a revised or curative instruction, the Department is precluded from objecting to the instruction given. We do not agree. Generally, a party who is entitled to an instruction on a particular issue has the duty of providing the court with a proposed instruction. *Harris v. Groth,* 99 Wn.2d 438, 447, 663 P.2d 113 (1983); *St. Paul Mercury Ins. Co. v. Salovich,* 41 Wn. App. 652, 705 P.2d 812, *review denied,* 104 Wn.2d 1029 (1985). Here, the Department

excepted to Mr. Hamilton's instruction, but did not offer a revised instruction. It is evident the Department did not offer such an instruction because it did not want any special consideration instruction. Thus, the failure to offer a revised instruction is not a waiver of its objection.

Reversed and remanded.

THOMPSON, A.C.J., and MUNSON, J., concur.

Review granted by Supreme Court February 1, 1988.