[No. 54621-5.   En Banc.   September 22, 1988.]

LARRY R. HAMILTON, *Petitioner*, v. THE DEPARTMENT
OF LABOR AND INDUSTRIES, *Respondent*.

*James K. Woods* and *Leona C. Bratz,* for petitioner.

*Kenneth O. Eikenberry, Attorney General,* and *Dennis J. Beemer, Assistant,* for respondent.

DOLLIVER, J.—On February 7, 1982, Larry Hamilton sustained an injury while employed by the Omak Police Department. The Department of Labor and Industries (Department) awarded Hamilton compensation for work time lost, but denied his claim for disability benefits. After pursuing his administrative remedies without success, Hamilton appealed the Department's decision to the Superior Court for Okanogan County. The trial court returned a favorable jury verdict for Hamilton, overturning the Department's decision.

The facts of this case are not disputed by the parties. The only issue is whether the trial court improperly instructed the jury by giving instruction 11 which states:

> In cases under the Industrial Insurance Act of the State of Washington, special consideration should be given to the opinion of the plaintiff's attending physician.

The judgment of the trial court was reversed by the Court of Appeals (*Hamilton v. Department of Labor & Indus.,* 49 Wn. App. 495, 743 P.2d 1259 (1987)), which held the instruction invaded the province of the jury and was an improper comment on the evidence. We reverse.

Const. art. 4, § 16 provides: "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law."

The State contends the instruction violates both CR 51(j) ("Judges shall not instruct with respect to matters of fact, nor comment thereon.") and the constitutional prohibition because it instructs the jury to give more weight and credibility to the testimony of Dr. McKee, Hamilton's attending physician, than to Dr. Suver, the State's expert witness.

■■■■ We have consistently held an instruction which does no more than accurately state the law pertaining to an issue does not constitute an impermissible comment on the evidence by the trial judge under Const. art. 4, § 16. *State v. Ciskie,* 110 Wn.2d 263, 282–83, 751 P.2d 1165 (1988) (citing *Seattle v. Smiley,* 41 Wn. App. 189, 192, 702 P.2d 1206, *review denied,* 104 Wn.2d 1017 (1985)); *see also Seattle Western Indus. v. David A. Mowat Co.,* 110 Wn.2d 1, 750 P.2d 245 (1988); *State v. Hughes,* 106 Wn.2d 176, 193, 721 P.2d 902 (1986); *State v. Foster,* 91 Wn.2d 466, 589 P.2d 789 (1979). An impermissible comment is one which conveys to the jury a judge's personal attitudes toward the merits of the case or allows the jury to infer from what the judge said or did not say that the judge personally believed or disbelieved the particular testimony in question. *State v. Ciskie, supra* at 283; *Egede–Nissen v. Crystal Mt., Inc.,* 93 Wn.2d 127, 139, 606 P.2d 1214 (1980); *State v. Foster, supra* at 481; *State v. Browder,* 61 Wn.2d 300, 302, 378 P.2d 295, *cert. denied,* 375 U.S. 869 (1963).

Instruction 11 is not a comment on the evidence as proscribed under Const. art. 4, § 16, of the state constitution. The instruction does not give the personal opinion of the judge. Rather, it states a long–standing rule of law in workers' compensation cases that special consideration should be given to the opinion of a claimant's attending physician. As we observed in *Chalmers v. Department of Labor & Indus.,* 72 Wn.2d 595, 599, 434 P.2d 720 (1967): "It is settled in this state that, in this type of cases, special consideration should be given to the opinion of the attending physician." *See also Groff v. Department of Labor & Indus.,* 65 Wn.2d 35, 45, 395 P.2d 633 (1964); *Spalding v. Department of Labor & Indus.,* 29 Wn.2d 115, 129, 186 P.2d 76 (1947).

Once this court has decided an issue of state law, that interpretation is binding until we overrule it. *State v. Gore,* 101 Wn.2d 481, 681 P.2d 227, 39 A.L.R.4th 975 (1984). *See*

Catlett, *The Development of the Doctrine of Stare Decisis and the Extent to Which It Should Be Applied,* 21 Wash. L. Rev. 158 (1946). Jury instructions, of course, cannot be constructed from phrases taken out of opinions which are not proper statements of the law. *Turner v. Tacoma,* 72 Wn.2d 1029, 435 P.2d 927 (1967); *Braxton v. Rotec Indus.,* 30 Wn. App. 221, 633 P.2d 897, *review denied,* 96 Wn.2d 1023 (1981). This is not the case, however, with instruction 11. It reflects binding precedent in this state and correctly states the law. Since this is a rule of law, it is appropriate that the jury be informed of this by the instructions of the court. To refuse to do so would convert the rule of law into no more than the opinion of the claimant's attorney.

The instruction does not require the jury to give more weight or credibility to the attending physician's testimony but to give it careful thought. To quote *Groff v. Department of Labor & Indus., supra:*

> We are not saying that the trier of the facts should believe the testimony of the treating physician; the trier of the facts determines whom it will believe; but it should, in its findings, indicate that it recognizes that we have, in several cases, emphasized the fact that special consideration should be given to the opinion of the attending physician.

(Citations omitted.) *Groff,* at 45.

In the present case, to hold the language in the instruction conveys the personal opinion or view of the judge regarding the credibility, weight or sufficiency of the evidence is to create an unwarranted expansion of the prohibition in Const. art. 4, § 16. The language of the instruction is an accurate statement of both the letter and spirit of the law regarding the industrial insurance act (RCW Title 51). The industrial insurance act is a unique piece of legislation; it is "remedial in nature and the beneficial purpose should be liberally construed in favor of the beneficiaries." (Citations omitted.) *Wilber v. Department of Labor & Indus.,* 61 Wn.2d 439, 446, 378 P.2d 684 (1963). The case law allowing special consideration of the attending physician's testimony

supports the purpose of the act which is to promote benefits and to protect workers. *Newby v. Gerry,* 38 Wn. App. 812, 814, 690 P.2d 603 (1984).

■ Finally, there is no merit to the Department's argument that the instruction confused or misled the jury. "Jury instructions are to be considered in their entirety." *Caruso v. Local 690, Int'l Bhd. of Teamsters,* 107 Wn.2d 524, 533, 730 P.2d 1299, *cert. denied,* ___ U.S. ___, 98 L. Ed. 2d 31, 108 S. Ct. 67 (1987) (citing *Brown v. Spokane Cy. Fire Protec. Dist. 1,* 100 Wn.2d 188, 668 P.2d 571 (1983)). Instruction 12, immediately succeeding the instruction in question, supports the court's impartial interest in the evidence. It states:

> You are not bound, however, by such an opinion. In determining the credibility and weight to be given such opinion evidence, you may consider, among other things, the education, training, experience, knowledge and ability of that doctor, the reasons given for the opinion, the sources of the doctor's information, together with the factors already given you for evaluating the testimony of any other witness.

Any problem which the State feels was created by instruction 11 was cured by this very detailed admonition.

The jury verdict at trial is reinstated; the Court of Appeals is reversed.

PEARSON, C.J., and UTTER, BRACHTENBACH, DORE, ANDERSEN, CALLOW, and DURHAM, JJ., concur.