[No. 15911-6-III. Division Three. February 5, 1998.]

EVERETT L. RUSE, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

---

450

*Jeffry K. Finer* of *Finer & Pugsley*, for appellant.
*Christine O. Gregoire, Attorney General*, and *Sheryl L. Gordon, Assistant,* for respondent.

SCHULTHEIS, C.J. — Everett L. Ruse, at all times relevant to this appeal, suffered from degenerative disc disease and arthritis. He worked for nearly 30 years in the cement industry as a laborer. Mr. Ruse asked for a layoff from his employer in 1989 because of severe back pain. He was diagnosed with his current medical condition by Dr. William Shanks, a Board Certified Orthopedic Surgeon, in January 1990. Mr. Ruse filed for and was denied workers'

compensation benefits from the Department of Labor and Industries. Mr. Ruse appeals the trial court's affirmation of the Board of Industrial Insurance Appeals' decision that his medical condition is not an occupational disease as contemplated by RCW 51.08.140. In addition, we are asked to determine whether it is an abuse of discretion to apply the "attending physician doctrine" set forth in *Hamilton v. Department of Labor & Indus.*, 111 Wn.2d 569, 761 P.2d 618 (1988) to a physician who neither diagnosed nor treated the worker for the condition ultimately diagnosed.

Mr. Ruse was born December 6, 1934. He has an eighth grade education. He has worked with his back nearly his entire life. His duties as a concrete laborer included pouring and finishing concrete as well as handling the completed concrete products. The parties agree this is moderately heavy labor.

Mr. Ruse has a long history of back problems that began when he was involved in an automobile accident as a young man. From 1981 to 1989 he sought medical treatment for his low-back pain from his family physician, Dr. David Gilman, who, on several occasions, advised Mr. Ruse he did not have a medical problem that would respond to treatment. X-rays taken in 1986 of Mr. Ruse's lower back were normal, evidencing no sign of arthritis. However, in Mr. Ruse's opinion, his back pain continued to worsen with time.

Mr. Ruse took a layoff from his employer on August 17, 1989, because he could no longer work due to his low back pain. Dr. Gilman did not support Mr. Ruse's layoff, stating there was nothing medically that could be done for Mr. Ruse and that he should be back at work. Mr. Ruse last sought treatment for his back pain from Dr. Gilman late in 1989.

Mr. Ruse eventually sought relief from a chiropractor who referred him to Dr. William M. Shanks, a specialist certified in the field of orthopedic surgery. Dr. Shanks examined Mr. Ruse only once on January 23, 1990. As a

result of the history of back problems and the medical examination, Dr. Shanks ordered a magnetic resonance image (MRI) of Mr. Ruse's back. The cause of the pain was diagnosed as moderate degenerative arthritis and degenerative disc disease in the lumbar spine most prominent in the L3-4 region. Dr. Shanks determined Mr. Ruse was not a surgery candidate and did not recommend any further medical treatment. It was Dr. Shanks's opinion that Mr. Ruse should "limit his activities." Dr. Shanks did not become Mr. Ruse's treating physician.

November 9, 1990, the Department received an application for benefits filed by Mr. Ruse alleging an injury or development of a disease on or about August 17, 1989. November 15, the Department issued an order rejecting the claim.

Mr. Ruse filed a timely protest of the Department's order. October 29, 1993, the Department issued an order setting aside the November 15, 1990, Department order. The new Department order rejected Mr. Ruse's initial claim in part because Mr. Ruse's condition was not an occupational disease as contemplated by RCW 51.08.140. This order was also timely protested by Mr. Ruse. January 31, 1995, an Industrial Appeals Judge affirmed the Department's prior ruling.

March 29, 1995, the Board of Industrial Insurance Appeals received a timely notice of appeal of the Industrial Appeals Judge's ruling. April 17, the Board issued an order adopting the January 31, 1995, Proposed Decision and Order of the Industrial Appeals Judge. Mr. Ruse timely appealed the Board's ruling to the Spokane County Superior Court, which, in a memorandum decision, affirmed the Board's ruling.

In the de novo review of a Board decision, a superior court examines only the evidence that was in the record before the Board. RCW 51.52.115; *Garrett Freightlines, Inc. v. Department of Labor & Indus.*, 45 Wn. App. 335, 339, 725 P.2d 463 (1986). While the Board's decision is not binding on the trial court the findings and conclusions are

presumed prima facie correct and the burden of proof is on Mr. Ruse to show by a preponderance of the evidence the Board's decision is incorrect. RCW 51.52.115; *Ravsten v. Department of Labor & Indus.*, 108 Wn.2d 143, 146, 736 P.2d 265 (1987).

We review the trial court's dismissal of Mr. Ruse's claim for abuse of discretion. *Elliott v. Kundahl*, 89 Wn.2d 639, 642, 574 P.2d 732 (1978). Appellate review is limited to examination of the record to see whether substantial evidence supports the trial court's findings and whether its conclusions flow from the findings. RCW 51.52.140; *Young v. Department of Labor & Indus.*, 81 Wn. App. 123, 128, 913 P.2d 402, *review denied*, 130 Wn.2d 1009 (1996); *Garrett*, 45 Wn. App. at 339. We find there was no abuse of discretion and affirm the trial court's findings and conclusions.

The issue Mr. Ruse brought to the trial court was whether or not he was disabled by an occupational disease as defined by RCW 51.08.140.[1] It is Mr. Ruse who has the burden of producing evidence which supports his claim. As stated 60 years ago in *Kirk v. Department of Labor & Indus.*, 192 Wash. 671, 674, 74 P.2d 227 (1937) (quoting *Harris v. Oklahoma Natural Gas Co.*, 91 Okla. 39, 216 P. 116 (1923)):

> "Workmen's Compensation Acts are remedial in character, and should receive a liberal construction in order to effectuate their purposes and objects, but they should not be amended by judicial construction upon an attenuated theory of inclusion. Persons entitled to the benefits of the act should be favored by a liberal interpretation of its provisions, but for this very reason they should be held to strict proof of their title as beneficiaries."

According to RCW 51.08.140, a compensable occupational disease must arise both naturally and proxi-

---

[1] RCW 51.08.140 defines occupational disease as: "such disease or infection as arises naturally and proximately out of employment under the mandatory or elective adoption provisions of this title."

mately from employment. In addition, in the context of occupational disease, the Supreme Court requires that the disabling conditions "c[o]me about as a matter of course as a natural consequence or incident of distinctive conditions of his or her particular employment." *Dennis v. Department of Labor & Indus.*, 109 Wn.2d 467, 481, 745 P.2d 1295 (1987). Mr. Ruse must show his disability was a natural incident of the distinctive conditions of his particular employment. Additionally, those distinct conditions must be proven to be the proximate cause of his disability. *Id.* at 481.

A worker who alleges an occupational disease is required to present competent medical evidence that the disability resulted from distinctive work conditions. The question of causal relation must be removed "from the field of speculation and surmise." *Zipp v. Seattle Sch. Dist. No. 1*, 36 Wn. App. 598, 601, 676 P.2d 538, *review denied*, 101 Wn.2d 1023 (1984). Mr. Ruse contends the distinctive condition which caused his disability was heavy labor or "hard work generally." Hard work and heavy labor are conditions found in numerous types of employment and of life in general. These conditions do not satisfy the statutory mandate that "distinctive" conditions of employment proximately caused Mr. Ruse's disability.

The connection between the work and the disability must be made through the use of medical evidence showing more probably than not, the condition would not have occurred *but for* the conditions of employment. *Dennis*, 109 Wn.2d at 477 (citing *Simpson Logging Co. v. Department of Labor & Indus.*, 32 Wn.2d 472, 479, 202 P.2d 448 (1949)). The medical testimony before the Board did not establish that hard work or long-term heavy labor proximately caused Mr. Ruse's medical condition. Dr. Shanks's testimony was nebulous on the issue. He testified differently on direct and cross-examination at his deposition. On direct examination, Dr. Shanks testified that long-term heavy labor would be an aggravating factor of degenerative disc disease and arthritis. On cross-examination he testified he agreed with

his October 27, 1993, letter to the Department in which he wrote: "His type of work was relatively difficult, but would not particularly cause arthritis on a more probable than not basis." However, when read in its entirety, Dr. Shanks's testimony supports his opinion that Mr. Ruse's disability was not proximately caused by his work.

Mr. Ruse next argues that Dr. Gilman's opinion should not have been given special consideration by the trial court since Dr. Gilman did not diagnose or treat Mr. Ruse for degenerative arthritis and disc disease. Thus, under *Hamilton v. Department of Labor & Indus.*, 111 Wn.2d 569, 571, 761 P.2d 618 (1988), Dr. Gilman cannot be considered the attending physician whose testimony can be given special consideration. He was Mr. Ruse's primary physician from 1981 to 1989. During this time he diagnosed and treated Mr. Ruse's various medical needs, including low-back pain. As such, Dr. Gilman knew Mr. Ruse, and his medical and family histories. This is the physician-patient relationship contemplated by *Hamilton*. In contrast, Dr. Shanks's opinion was based on a one-time examination of Mr. Ruse.

The trial court accepted Dr. Gilman's opinion that Mr. Ruse's back complaints were age related. Because Dr. Gilman had provided treatment to Mr. Ruse for many years prior to the eventual diagnosis of arthritis by another physician, the trial court determined that Dr. Gilman's opinion was entitled to enhanced consideration. While this court may disagree that Dr. Gilman's opinion is entitled to enhanced consideration it is not an abuse of discretion for the trial court to do so as the factual findings which set forth the basis of the ruling are supported by substantial evidence in the record. We hold that the trial court properly considered Dr. Gilman's testimony.

The trial court determined that Mr. Ruse's medical condition is not an occupational disease as contemplated by RCW 51.08.140 based on all the evidence presented after a de novo review. It properly interpreted and applied the law; thus, the trial court's decision is affirmed.

456

SWEENEY and BROWN, JJ., concur.

Review granted at 136 Wn.2d 1007 (1998).