FILED
COURT OF APPEALS
DIVISION II

2015 JAN 13 AM 11: 18

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| DARLENE FLETCHER, | No. 45653-2-II |
| Appellant, | |
| v. | |
| GRAYS HARBOR COMMUNITY HOSPITAL, | UNPUBLISHED OPINION |
| Respondent. | |

MAXA, J. — Darlene Fletcher appeals the trial court's order, based on the jury's special verdict, affirming the finding of the Board of Industrial Insurance Appeals (Board) that Fletcher was ineligible to reopen her 2003 industrial injury claim. In awarding her benefits in 2003, the Department of Labor and Industries (Department) found that Fletcher had a permanent impairment. Several years later, Fletcher applied to reopen her claim. The Board found, and the jury agreed, that Fletcher had no objective findings of permanent impairment in December 2011 and that her industrial injury condition had not objectively worsened between 2003 and December 2011.

Fletcher argues that the trial court erred by (1) denying her two motions for judgment as a matter of law because under res judicata the Department's finding of permanent impairment in 2003 precluded the Board's and the jury's finding that she had no objective findings of permanent impairment in 2011, (2) failing to give her proposed jury instruction stating that it had

been established that she had objective findings of permanent impairment in August 2011, and (3) failing to give her proposed jury instruction stating that the jury should give special consideration to the testimony of an attending physician.[1]

We hold that Fletcher waived her res judicata argument on appeal because she did not include the argument in her petition for review to the Board and that the trial court did not err by failing to give Fletcher's proposed jury instructions. Accordingly, we affirm.

FACTS

*Workplace Injury and Benefits Determination*

In May 2001, Fletcher sustained a neck injury while working at Grays Harbor Community Hospital (Hospital). In September, she underwent cervical fusion surgery on two herniated discs in her neck.

Fletcher filed a claim for workers' compensation benefits under the Industrial Insurance Act, Title 51 RCW. In August 2003, the Department awarded benefits for Category 2 permanent cervical and cervico-dorsal impairments and her claim before the Department was closed. There was no appeal from this order.

In October 2010, Fletcher applied to reopen her claim on the grounds that her industrial injury had objectively worsened. The Department may reopen an industrial insurance claim if the claimant establishes a worsening of her condition after the claim is closed. *Eastwood v. Dep't of Labor & Indus.*, 152 Wn. App. 652, 657, 219 P.3d 711 (2009); *see* RCW

---

[1] Fletcher also assigns error to the trial court's denial of her motion for directed verdict and the trial court's order affirming the Board's decision. However, she makes no separate arguments regarding these assignments, which present the same issues as the motion for judgment as a matter of law. Therefore, we need not address them.

51.32.160(1)(a); WAC 296-14-400. However, on December 8, 2011, the Department denied Fletcher's application because the medical evidence showed that the condition caused by her injury had not objectively worsened since her final claim closure.

*Appeal to Board of Industrial Insurance Appeals*

Fletcher appealed the Department's denial to the Board. The Industrial Appeals Judge (IAJ) considered Fletcher's testimony and the depositions of Dr. Clyde T. Carpenter, Dr. Karl Goler, and Dr. R. David Bauer.

Fletcher testified that her condition had worsened between August 2003 and December 2011. She testified to numbness in her left and right arms, decreased neck mobility, and neck numbness. On cross-examination, Fletcher reported remembering being examined by both Dr. Goler and Dr. Bauer, and that she had answered each doctor's questions truthfully.

Dr. Carpenter had been Fletcher's attending physician through 2003 and had performed her 2001 neck surgery. Dr. Carpenter stated he had not physically examined Fletcher since 2003, and that he based his medical opinion on his physician assistant's examination of Fletcher and on Fletcher's chart notes. Dr. Carpenter stated that his medical opinion was that Fletcher's injury had worsened because she had "spinal stenosis at C4-5 adjacent to her fusion." Carpenter Deposition at 13.

Dr. Goler performed a medical examination of Fletcher on March 3, 2011. He reported that he had reviewed Fletcher's medical records from 2001 to 2010, and conducted a physical and neurosurgical examination of Fletcher. Dr. Goler concluded that Fletcher had no worsening of her condition because she had no significant radiographic, clinical, or electrical change. He

also opined that Fletcher's behavior during her physical examination "suggested symptom magnification and pain behavior." Goler Deposition at 30-31.

Dr. Bauer is a board-certified orthopedic surgeon who specializes in spinal injuries and disease. He examined Fletcher on November 17, 2011. Dr. Bauer stated that it was his medical opinion that Fletcher "had cervical spondylosis, which [are] degenerative changes which we felt [were] preexisting and not related to the injury." Bauer Deposition at 28. Based on Dr. Bauer's examination of Fletcher's medical records and her physical condition, he reported that he "did not feel that there was any change in her condition, in any objective fashion, between the time of closure and the time of the Department's order." Bauer Deposition at 30. Like Dr. Goler, Dr. Bauer testified that on multiple occasions Fletcher appeared to be magnifying the significance of her symptoms.

On November 29, 2012, the IAJ denied Fletcher's appeal. The IAJ made the following proposed relevant findings of fact:[2]

> 3. Darlene H. Fletcher's industrial injury claim was closed August 28, 2003, and she was given a Category 2 permanent partial disability award for cervical and cervico-dorsal impairments.
>
> 4. On December 8, 2011, Darlene H. Fletcher had no objective findings proximately caused by industrial injury.
>
> 5. During the period between August 28, 2003, and December 8, 2011, Darlene H. Fletcher's industrial injury condition did not objectively worsen.

Clerk's Papers (CP) at 34.

---

[2] After consideration of all evidence presented at hearings before the IAJ, the IAJ makes a proposed decision and order, which is adopted by the Board and becomes the Board's decision and order if no party files a petition for review of the proposed decision and order. *See* RCW 51.52.104. If the Board chooses to address a party's petition for review, then the Board issues a separate final decision and order. RCW 51.52.106.

In addition, the IAJ made the following conclusion of law:

2. Between August 28, 2003, and December 8, 2011, Darlene H. Fletcher's condition, proximately caused by the industrial injury, did not objectively worsen within the meaning of RCW 51.32.160.

Certified Appeal Board Record at 27.

In December 2012, Fletcher filed a petition for review of the IAJ's decision to the Board. Her petition objected to the IAJ's findings of fact 4 and 5, arguing that the findings of fact were not supported by evidence in the record. The petition for review did not argue that the IAJ erred in making finding of fact 4 based on the doctrine of res judicata. The Board adopted the IAJ's proposed decision and order, including the IAJ's findings of fact and conclusions of law.

*Appeal to Superior Court*

Fletcher appealed the Board's order to the superior court. She requested a jury trial. The certified appeal board record was read to the jury. *See* RCW 51.52.115.

At the close of the presentation of evidence to the jury, Fletcher made a CR 50(a) motion for judgment as a matter of law. She argued that the Board's finding of fact 4 – that in December 2011 she had no objective findings proximately caused by industrial injury – was barred under res judicata because the Department had found in 2003 that she had a permanent impairment. In reply, the Hospital argued that the issue was not properly before the trial court because Fletcher had not raised the res judicata argument in her petition for review after the IAJ's proposed decision. The trial court denied Fletcher's CR 50(a) motion reasoning that finding of fact 4 was "bad draftsmanship" and that it had to be read in conjunction with the Board's other factual findings. Report of Proceedings (RP) at 8.

5

The trial court subsequently instructed the jury on the law. The trial court refused to give Fletcher's proposed jury instruction relating to her res judicata argument. The proposed instruction stated that it had been established that she had objective findings of permanent impairment as of August 8, 2011. But that date had no relation to any event in the case. The trial court also refused to give Fletcher's proposed jury instruction stating that the jury should give special consideration to the testimony of an attending physician.

The jury returned a special verdict in which it stated that the Board correctly found that (1) on December 8, 2011, Fletcher had no objective findings proximately caused by her industrial injury, and (2) Fletcher's condition had not objectively worsened between August 2003 and December 8, 2011. After the verdict, Fletcher renewed her motion for judgment as a matter of law under CR 50(b). Once again, she argued that res judicata precluded the Board's and jury's findings that she had no objective findings in December 2011. In response, the Hospital again argued that Fletcher had waived her res judicata argument by failing to assert the argument in her petition for review, and reasserted its position that the evidence in the record – the testimony of Dr. Goler and Dr. Bauer – supported the jury verdict. The trial court denied Fletcher's motion.

The trial court entered a judgment and order affirming the Board's decision based on the jury's verdict. Fletcher appeals.

## ANALYSIS

A.    JUDGMENT AS A MATTER OF LAW/RES JUDICATA

Fletcher emphasizes that the Department determined in 2003 that she had a permanent impairment from her industrial injury. She argues that this determination as a matter of law

precluded first the Board and later the jury from finding that in December 2011 she had no objective findings proximately caused by her industrial injury. We disagree because Fletcher waived the res judicata argument when she did not raise it in her petition for review to the Board. Therefore we hold that the trial court did not err in denying Fletcher's motions for judgment as a matter of law.

RCW 51.52.104 authorizes a party to file a petition for review with the Board of an IAJ's proposed decision regarding an industrial insurance claim. However, RCW 51.52.104 provides, "Such petition for review shall set forth in detail the grounds therefor and the party or parties filing the same shall be deemed to have waived all objections or irregularities not specifically set forth therein." Similarly, RCW 51.52.110 authorizes a party to appeal the Board's decision to the superior court, but RCW 51.52.115 provides that in the superior court "only such issues of law or fact may be raised as were properly included in the notice of appeal to the board, or in the complete record of the proceedings before the board."

Washington courts have held on numerous occasions that under RCW 51.52.104, a claimant waives legal arguments that are not presented to the Board in the claimant's petition for review. *See Hill v. Dep't of Labor & Indus.*, 90 Wn.2d 276, 280, 580 P.2d 636 (1978) (holding party waived argument of IAJ's potential disqualification by failing to present argument to Board); *Leuluaialii v. Dep't of Labor & Indus.*, 169 Wn. App. 672, 684, 279 P.3d 515 (2012), *review denied*, 176 Wn.2d 1018 (2013) (holding claimant waived argument that closing order was not final because she failed to raise it in her appeal to the Board or petition for review of the Board's decision); *Merlino Const. v. City of Seattle*, 167 Wn. App. 609, 616 n.3, 273 P.3d 1049, *review denied*, 175 Wn.2d 1003 (2012) (holding claimant waived argument that a police officer

was an independent contractor by failing to present argument to the Board or trial court); *Allan v. Dep't of Labor & Indus.*, 66 Wn. App. 415, 422, 832 P.2d 489 (1992) (holding claimant waived objection on grounds of insufficient notice because it was not set out in her petition for review to the Board).

In Fletcher's petition for review she objected to the IAJ's findings of fact 4 and 5, and argued only that both were not supported by evidence in the record. The relevant analysis in Fletcher's petition for review focused only on the weight the Board should give to the qualifications and opinions of doctors Carpenter, Goler, and Bauer. Nowhere in Fletcher's petition for review did she assert the legal argument that finding of fact 4 was erroneous based on the doctrine of res judicata or any other related legal doctrine. As a result, we hold that Fletcher waived her res judicata argument.

Fletcher argues that we should allow her to make the res judicata argument based on our equitable powers. But she points to no precedent where we have exercised our equitable powers to allow a claimant to assert an argument that has been waived under a plain reading of RCW 51.52.104. Division One of this court in *Belnap v. Boeing Company* elected to address an argument that could have been waived under RCW 51.52.104 "pursuant to the inherent power of appellate courts to address issues which are crucial to the case and necessary to a proper decision." 64 Wn. App. 212, 223 n.6, 823 P.2d 528 (1992). However, we have declined to follow Division One's example in *Belnap* and have strictly followed the plain language of RCW 51.52.104. *See, e.g.*, *Leuluaialii*, 169 Wn. App. at 684; *Allan*, 66 Wn. App. at 422. We decline Fletcher's request to disregard her waiver of the res judicata argument.

We hold that Fletcher waived her objection to the Board's finding of fact 4 based on res judicata and cannot now assert this argument in this appeal. Because res judicata is the only basis for Fletcher's argument that the trial court erred in denying her CR 50(a) and CR 50(b) motions, we affirm the trial court's rulings.

B.     PROPOSED JURY INSTRUCTIONS

Fletcher argues the trial court erred by failing to give her proposed jury instructions stating that it had been established that she had objective findings of permanent impairment in 2011 (proposed instruction 13) and stating that the jury should give special consideration to the testimony of an attending physician (proposed instruction 14). We disagree.

1.     Legal Principles

We review a trial court's refusal to give a proposed jury instruction for abuse of discretion. *Chunyk & Conley/Quad-C v. Bray*, 156 Wn. App. 246, 252, 232 P.3d 564 (2010). A trial court abuses its discretion in refusing to give an instruction if it adopts a position that no reasonable person would have taken. *Hickok-Knight v. Wal-Mart Stores, Inc.*, 170 Wn. App. 279, 322, 284 P.3d 749 (2012), *review denied*, 176 Wn.2d 1014 (2013).

Jury instructions are sufficient when they allow counsel to argue their theories of the case, do not mislead the jury and, when taken as a whole, properly inform the jury of the law to be applied. *Thompson v. King Feed & Nutrition Serv., Inc.*, 153 Wn.2d 447, 453, 105 P.3d 378 (2005). The trial court is under no obligation to give a misleading instruction. *Jaeger v. Cleaver Constr., Inc.*, 148 Wn. App. 698, 716, 201 P.3d 1028 (2009). "In determining whether an instruction could have confused or misled the jury, the court examines the instructions in their entirety." *Intalco Aluminum Co. v. Dep't of Labor & Indus.*, 66 Wn. App. 644, 663, 833 P.2d

390 (1992).

2. Objective Findings Instruction

Fletcher's proposed jury instruction 13 stated:

It has been established that on August 8, 2011, when her claim was closed, Ms[.] Fletcher had objective findings of permanent cervico-dorsal impairment.

CP at 25. This instruction makes no sense. The date August 8, 2011 has no significance in this case. The Board found that Fletcher had a permanent impairment and closed her claim in an order dated August 28, 2003. The Board found that Fletcher had no permanent impairment on December 8, 2011. The date in instruction 13 seems to be an erroneous combination of the two dates.

Because the date is incorrect, the instruction is an incorrect statement of the facts and law. Fletcher's claim was not closed on August 8, 2011, and it had not been established that Fletcher had objective findings of permanent impairment on that date. As a result, this instruction would have misled the jury. Therefore, we hold that the trial court did not abuse its discretion in failing to give instruction 13.

3. Attending Physician Instruction

Fletcher's proposed jury instruction 14 stated:

You should give special consideration to testimony given by an attending physician[.] Such special consideration does not require you to give greater weight or credibility to, or to believe or disbelieve, such testimony[.] It does require that you give any such testimony careful thought in your deliberations[.]

CP at 26. Relying on *Hamilton v. Department of Labor and Industries*, 111 Wn.2d 569, 571, 761 P.2d 618 (1988), Fletcher argues that the trial court should have given the attending physician instruction because it constituted a settled rule of law. We hold Fletcher's reliance on

*Hamilton* is misplaced, and the trial court did not abuse its discretion in failing to give proposed instruction 14.

In *Hamilton,* our Supreme Court upheld a trial court's jury instruction advising the jury to give "special consideration" to the opinion of a workers' compensation claimant's attending physician. 111 Wn.2d at 571. Because that jury instruction properly stated a long-standing rule of law, the court reasoned it was an "appropriate" jury instruction. 111 Wn.2d at 572. Other courts also have recognized the benefits of instructing the jury to give special consideration to an attending physician's testimony. *Young v. Dep't of Labor & Indus.,* 81 Wn. App. 123, 128-29, 913 P.2d 402 (1996) (recognizing that a physician who has attended a patient for a considerable period of time may be better qualified to give an opinion as to the patient's disability than a doctor who has seen and evaluated the patient only once); *Intalco,* 66 Wn. App. at 654-55 (noting that an attending physician is not an expert hired to give a particular opinion for one party).

However, the issue here is not whether a jury would benefit from such an attending physician instruction, but rather whether a trial court abuses its discretion in declining to give an attending physician instruction. Division One of this court held that a trial court does not abuse its discretion by failing to give an attending physician instruction. *Boeing Co. v. Harker-Lott,* 93 Wn. App. 181, 186-88, 968 P.2d 14 (1998). In *Harker-Lott,* the court noted the general rule in workers' compensation cases is that special consideration should be given to the opinion of the claimant's attending physician. 93 Wn. App. at 186. However, the court emphasized that no case holds that such an instruction *must* be given, even where the evidence supports it. *Harker-Lott,* 93 Wn. App. at 186.

11

Here, there was at least one reason that an attending physician instruction may not have been appropriate: Dr. Carpenter was not Fletcher's *current* attending physician. Dr. Carpenter admitted that he had not seen Fletcher since 2003. The trial court was justified in rejecting the proposed instruction on this basis.

Further, Fletcher's proposed instruction was not necessary for the jury to understand her theory of the case, nor does Fletcher contend that it was. Fletcher merely argues that "[t]his instruction might have helped counter the character assassination of Ms. Fletcher by Drs. Goler and Bauer." Br. of Appellant at 18. But the trial court instructed the jury:

> You are . . . the sole judges of the value or weight to be given to the testimony of each witness. In considering a witness's testimony, you may consider these things[:] the opportunity of the witness to observe or know the things they testify about, the ability of the witness to observe accurately, the quality of a witness's memory while testifying, any personal interest that the witness might have in the outcome or the issues, any bias or prejudice that the witness may have shown, the reasonableness of the witness's statements in the context of all of the other evidence, and any other factors that affect your evaluation or belief of a witness or your evaluation of his or her testimony.

CP at 31. This instruction allowed Fletcher to argue that the jury should give Dr. Carpenter's testimony greater weight than the other doctors because he was her treating physician immediately after her industrial injury. Because this option was available to Fletcher, it cannot be said that Fletcher was barred from arguing her theory of the case to the jury.

We hold that the trial court's failure to give proposed instruction 14 was not an abuse of discretion.

45653-2-II

C.    ATTORNEY FEES

Fletcher requests reasonable attorney fees on appeal under RCW 51.52.130, which

provides in relevant part:

> If, on appeal to the superior or appellate court from the decision and order of the board, said decision and order is reversed or modified and additional relief is granted to a worker or beneficiary . . . a reasonable fee for the services of the worker's or beneficiary's attorney shall be fixed by the court.

Because we do not reverse or modify the Board's decision, we do not award Fletcher

appellate attorney fees under RCW 51.52.130.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record pursuant to RCW 2.06.040, it

is so ordered.

MAXA, J.

We concur:

JOHANSON, C.J.

SUTTON, J.

13