**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/warreports/

FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE APR 2 8 2016
CHIEF JUSTICE

This opinion was filed for record
at 8:00 am on April 28, 2016

Susan L. Carlson
Acting Clerk
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| CLARK COUNTY, | ) | No. 91963-1 |
| Respondent, | ) | |
| | ) | |
| v. | ) | En Banc |
| | ) | |
| PATRICK J. McMANUS, | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | Filed    APR 2 8 2016 |

JOHNSON, J.—In this workers' compensation appeal, the trial court denied the worker's proposed instruction, which would inform the jury that it must give special consideration to the (opinion) testimony of his attending physician. The trial court ruled against the worker. The Court of Appeals reversed and ordered a new trial on an unrelated basis—holding that the trial court reversibly erred when it refused Patrick McManus's request to revise the Board of Industrial Insurance Appeals' (Board) erroneous finding regarding the location of McManus's injury. *Clark County v. McManus*, 188 Wn. App. 228, 231, 345 P.3d 868 (2015). However, the Court of Appeals ruled that the trial court correctly rejected the instruction. We granted review on the issue of whether it is error to refuse to give

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

the special consideration instruction. *Clark County v. McManus*, 184 Wn.2d 1018, 361 P.3d 747 (2015). We hold the instruction must be given.

FACTS AND PROCEDURAL HISTORY

McManus prevailed at the Court of Appeals and is getting a new trial. McManus did not prevail on his claim that the trial court erred in refusing to give a special consideration instruction regarding his attending physician to the jury. Because the trial court on remand would be bound by the law of the case doctrine, the prior decision of the trial court to not give the special consideration instruction would be binding. *See Coy v. Raabe*, 77 Wn.2d 322, 325, 462 P.2d 214 (1969) (acknowledging the binding effect of determinations made by the appellate court on further proceedings in the trial court on remand). We took review to determine if such an instruction is required in worker's compensation cases. Order Granting Review, *Clark County v. McManus*, No. 91963-1 (Wash. Dec. 2, 2015).

McManus worked for the county operating a street sweeper from 1999 until 2011. He eventually quit work because of a debilitating, degenerative spinal disease affecting his low back, which he attributed to the bumpy ride when operating a street sweeper and poor ergonomic layout in the operator's cab. McManus filed a claim for workers' compensation under Title 51 RCW.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

The Department of Labor & Industries (Department) allowed McManus's claim and awarded him benefits. Clark County (County) appealed the Department's order allowing the claim to the Board, which proceeded to an evidentiary hearing before an industrial appeals judge (IAJ).

The IAJ considered offered deposition testimony from several witnesses. McManus's attending physician—Dr. Won—provided testimony in support of McManus's claim.[1] Dr. Won opined that McManus's low back disability was employment-related. The County presented contrary opinions by two forensic medical experts, one of whom had reviewed McManus's medical records and one of whom had examined McManus on one occasion.

The IAJ issued a proposed decision and order upholding the decision of the Department. The County petitioned to the three-member Board for review of the proposed decision. The Board denied the County's petition and adopted the proposed decision and order. The decision and order upheld the Department's determination, concluding that McManus sustained an aggravation of his preexisting low back condition that arose naturally and proximately out of the distinctive conditions of his employment with the County.

---

[1] Under the Industrial Insurance Act, Title 51 RCW, Dr. Won meets the definition of an "attending provider" or "treating physician" as a physician who "actively treats an injured or ill worker." WAC 296-20-01002 (providing "attending provider" includes a physician and is one who "actively treats an injured or ill worker").

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Clark County v. McManus*, No. 91963-1

The County appealed the Board's decision to the superior court, and the case was tried on the record before a jury. The superior court instructed the jury on the Board's findings, as well as the presumptive correctness of its decision, the legal issue for determination, and the County's burden of proving the Board's decision incorrect. *See* Clerk's Papers (CP) at 87-88 (Instr. 4, 5), 98 (special verdict form). The superior court also instructed the jury regarding its role in determining the credibility of witnesses. *See* CP at 82-84, 90 (Instr. 1, 7).[2]

The superior court rejected McManus's proposed instruction 10 regarding the special consideration rule, which provided as follows: "You should give special consideration to testimony given by an attending physician. Such special consideration does not require you to give greater weight or credibility to, or to believe or disbelieve, such testimony. It does require that you give any such testimony careful thought in your deliberations." CP at 57 (Instr. 10).[3]

---

[2] These instructions appear to be drawn from 6 *Washington Practice: Washington Pattern Jury Instructions: Civil* 1.02 (6th ed. 2012) (WPI) (conclusion of trial—introductory instruction) and 6 WPI 2.10 (expert testimony).

[3] This proposed instruction is identical to the current 6A WPI 155.13.01 (testimony of attending physician): "You should give special consideration to testimony given by an attending physician. Such special consideration does not require you to give greater weight or credibility to, or to believe or disbelieve, such testimony. It does require that you give any such testimony careful thought in your deliberations." 6A *Washington Practice: Washington Pattern Jury Instructions: Civil* 155.13.01 (6th ed. 2012).

4

*Clark County v. McManus*, No. 91963-1

The only question before the jury was whether the Board was correct in determining that McManus's low back condition arose naturally and proximately from the distinctive conditions of his employment as a street sweeper operator. The jury determined that the Board was incorrect, and the trial court reversed.

McManus appealed to the Court of Appeals, Division One, which reversed and remanded for a new trial due to evidentiary and instructional errors unrelated to the proposed special consideration instruction. The Court of Appeals rejected McManus's claim that the trial court erred in refusing to give proposed instruction 10, which sets forth the special consideration instruction. Holding that it was not an abuse of discretion to refuse to give the instruction, the Court of Appeals concluded it was unnecessary in light of the general instructions given addressing witness credibility. *See McManus*, 188 Wn. App. at 241-42 (concluding that McManus could argue that Dr. Won was better qualified to render an opinion as his treating physician and the jury was informed that it could accept this theory; thus, the trial court's general instruction was sufficient).

McManus and the County petitioned this court for review. Only McManus's petition for review was granted.

## ANALYSIS

Generally, the trial court has the discretion whether to give a particular jury instruction. *Stiley v. Block*, 130 Wn.2d 486, 498, 925 P.2d 194 (1996). However, a

5

*Clark County v. McManus*, No. 91963-1

trial court abuses its discretion if it based its ruling on an erroneous view of the law. *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 339, 858 P.2d 1054 (1993). At issue here is whether our decision in *Hamilton v. Department of Labor & Industries*, 111 Wn.2d 569, 761 P.2d 618 (1988), establishes the requirement for juries in workers' compensation cases to be instructed regarding the special consideration rule for testimony of attending physicians.

In *Hamilton*, this court recognized a "long–standing rule of law in workers' compensation cases that special consideration should be given to the opinion of a claimant's attending physician." *Hamilton*, 111 Wn.2d at 571. Significantly in *Hamilton*, this court reversed and reinstated the trial court's verdict, holding that the instruction was an accurate statement of the law and the long-standing rule that special consideration be given to attending physicians. That we reversed the Court of Appeals on the instruction issue supports the argument that the special consideration instruction in workers' compensation cases is mandatory. The language in *Hamilton* also makes clear that such an instruction is required.

*Hamilton* involved a department challenge to a jury verdict overturning a board decision denying disability benefits. The Department asserted that a court instruction on the special consideration rule constituted an impermissible comment on the evidence in violation of the Washington Constitution, article IV, section 16.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

The Court of Appeals held that the instruction was an impermissible comment on the evidence. This court reversed, concluding the instruction set forth an accurate statement of applicable law. This court explained—in reference to the special consideration jury instruction—that

> [i]t reflects binding precedent in this state and correctly states the law. Since this is a rule of law, it is appropriate that the jury be informed of this by the instructions of the court. *To refuse to do so would convert the rule of law into no more than the opinion of the claimant's attorney.*

*Hamilton*, 111 Wn.2d at 572 (emphasis added). "The instruction does not require the jury to give more weight or credibility to the attending physician's testimony but to give it careful thought." *Hamilton*, 111 Wn.2d at 572.

Here, while the County contends the special consideration instruction causes confusion for the jurors, this court concluded that when the instruction is considered in conjunction with the standard instruction regarding weighing testimony and credibility of witnesses, it is a correct statement of the law in workers' compensation cases. Contrary to what the County asserts, the special instruction is not redundant and unnecessary when considering the instructions as a whole. We find it neither confusing nor misleading. This court in *Hamilton* went on to explain that the special consideration instruction supports the purpose of the act, which is to promote benefits and to protect workers.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

As amicus curiae Washington State Association for Justice Foundation points out, while the *Hamilton* decision established that the instruction was an accurate statement of the law, the rule was otherwise well settled before *Hamilton*. *See, e.g.*, *Chalmers v. Dep't of Labor & Indus.*, 72 Wn.2d 595, 598-602, 434 P.2d 720 (1967) (reaffirming special consideration rule but concluding attending physician's testimony was based on insufficient foundation resulting in a failure of proof by claimant); *Groff v. Dep't of Labor & Indus.*, 65 Wn.2d 35, 44-46, 395 P.2d 633 (1964) (emphasizing "that special consideration should be given to the opinion of the attending physician," and that in order to properly review a superior court determination regarding an industrial claim, the superior court should provide an explanation as to why the attending physician's testimony was not preferred over that of other medical experts); *Spalding v. Dep't of Labor & Indus.*, 29 Wn.2d 115, 129, 128, 186 P.2d 76 (1947) (recognizing "that special consideration should be given to the opinion of the attending physician," but declining to establish a "hard and fast rule," concluding the issue is for the jury).

Several Court of Appeals' cases, including this case, have called into question the special consideration instruction. *See Larson v. City of Bellevue*, 188 Wn. App. 857, 883-84, 355 P.3d 331 (2015); *Boeing Co. v. Harker-Lott*, 93 Wn. App. 181, 186-89, 968 P.2d 14 (1998); *McClelland v. ITT Rayonier, Inc.*, 65 Wn. App. 386, 393-94 & n.1, 828 P.2d 1138 (1992). The County asserts that these cases

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

support their argument that a mandatory instruction would improperly remove the general discretion given to the trial court to assess the appropriateness of jury instructions. Ultimately, the County argues, the discretion whether to allow an instruction to be submitted to a jury should rest with the trial judge. While perhaps correct in other circumstances, in workers' compensation cases we have determined the instruction is required, and agreeing with the County's argument would require overruling *Hamilton*.

In turning to past Court of Appeals' decisions, the court in *McClelland* affirmed a summary judgment upholding denial of benefits where the attending physician's opinion lacked the requisite objective proof required for the particular occupational disease claim. The opinion did not implicate the special consideration rule in resolving the appeal because of the failure of proof. However, in dicta, the court remarked:

> We are unsure what the Supreme Court means by "special consideration". *Hamilton* explained that this does not require a jury to "give more weight or credibility to the attending physician's testimony, but to give it careful thought." [*Hamilton*,] 111 Wn.2d at 572. We assume that the jury gives careful thought to every witness's testimony. If the attending physician's testimony does not carry any more weight or credibility with the jury, how then does the jury give it special consideration?

*McClelland*, 65 Wn. App. at 394 n.1. That criticism is misplaced. The instruction requires only that the jury be mindful of the special consideration an attending

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

physician's testimony deserves when weighing the credibility of all witnesses. The requirement for the special consideration instruction in *Hamilton* is clear.

In *Harker-Lott*, the Court of Appeals acknowledged that special consideration *should* be given to an attending physician, but concluded in that case "the *Hamilton* court did not hold that an instruction to that effect was mandatory. Rather, the court held only that such an instruction was not a comment on the evidence. No case has specifically held that such an instruction must be given when the evidence supports it." *Harker-Lott*, 93 Wn. App. at 186 (footnote omitted). This statement disregards our observation in *Hamilton* that the instruction is an accurate statement of the law in workers' compensation cases and the general rule that the jury be instructed on the law.

Additionally, *Harker-Lott* is factually distinguishable from the present case because the claimant there had four attending physicians who did not agree the claimant was injured as a result of an on-the-job accident. Because the testimony of the attending physicians was in conflict, and because the general instructions given allowed the claimant to argue that the supporting testimony of two of her attending physicians should be given special consideration, refusal to give the special consideration instruction was not an abuse of discretion by the trial court. In *Harker-Lott*, the situation was somewhat unique and the jury could not give

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

special consideration to multiple, conflicting attending physicians' testimony. Here, those circumstances do not exist.

The analysis in *Harker-Lott* also overlooks a key aspect of *Hamilton*. While this court may not have used the term "mandatory" when discussing the special consideration instruction, we did describe the special consideration rule as a "rule of law" and stated that refusing to give the instruction "would convert the rule of law into no more than the opinion of the claimant's attorney." *Hamilton*, 111 Wn.2d at 572. *Hamilton* thus recognizes a *requirement* for providing the special consideration instruction, except in those cases where there are articulable reasons for not accepting the attending physician's or physicians' testimony.

Finally, the County cites to *Larson* in support of its argument that to give a special consideration instruction is discretionary rather than mandatory. In *Larson*, the trial court expressed concern over the substance of testimony provided by the attending physician in comparison to the other more elaborate testimony from medical experts. The trial court decided to not provide the special consideration instruction due to concerns that it would be misleading. The Court of Appeals found this action was proper and not an abuse of discretion, citing the *Harker-Lott* decision. *Larson*, 188 Wn. App. at 883-84.

It appears here that the Court of Appeals embraced an analysis in *Larson*, which conflicts with our decision in *Hamilton*. Our holding in *Hamilton* was

11

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Clark County v. McManus*, No. 91963-1

unambiguous. The rule requires that where an attending physician testifies, the trial court must give the attending physician instruction. *Hamilton* dictates that a jury conducting de novo review of a board decision needs to be instructed on this rule. To the extent *Larson* holds otherwise, we overrule it.

The County urges us—in the alternative to asserting that the trial court did not abuse its discretion in rejecting the special consideration instruction—to overturn *Hamilton* and hold that the special consideration instruction never be given. We reject this argument. We find *Hamilton* to be neither incorrect nor harmful. As the court explained in *Hamilton*, a jury instruction regarding the special consideration rule is necessary for the jury to meaningfully review board decisions.[4]

In the present case, the only attending physician who testified was Dr. Won. The general witness instruction given in this case did not accurately convey the requirement embraced in *Hamilton* that the jury give special consideration to the testimony of McManus's treating physician, nor would giving the special consideration instruction cause confusion where there is no conflicting testimony

---

[4] The comment to 6A WPI 155.13.01 indicates that the special consideration instruction need not always be given, citing *Harker-Lott*. 6A WPI 155.13.01 cmt. at 167. We disavow the WPI comment to the extent that it indicates that the special consideration instruction is not mandatory. The instruction is mandatory except in those instances where the instruction cannot be given, such as where there are multiple attending physicians offering conflicting testimony.

12

*Clark County v. McManus*, No. 91963-1

from multiple attending physicians. The trial court did not identify any compelling reason why Dr. Won's opinion should not be accepted.

Importantly, the Board itself recognizes and applies the special consideration rule. *See, e.g., In re Free*, No. 89 0199 (Wash. Bd. of Indus. Ins. Appeals June 20, 1990); *In re Anderson*, No. 87 3724 (Wash. Bd. of Indus. Ins. Appeals May 18, 1989). The Department applies the special consideration rule in adjudicating claims. Because self-insured employers are bound to comply with department claims handling processes, they also apply the special consideration rule. Special consideration should be given to the opinion of an attending physician unless specific reasons for not accepting the attending physician's opinion are articulated.

We hold that in cases such as this where one attending physician testifies, the special consideration instruction must be given. Here, the trial court did not identify why a special consideration instruction should not be given and we find no reason. Our decision in *Hamilton*—which relied on long-standing policy

13

*Clark County v. McManus*, No. 91963-1

surrounding workers' compensation cases—controls. We reaffirm *Hamilton*. We disavow the Court of Appeals' decision on the special consideration instruction issue and hold that the instruction is mandatory in situations present here.

_____

WE CONCUR:

Madsen, C.J. _____     Wiggins, J. _____

Owens, J. _____         González, J. _____

Fairhurst, J. _____     George McCloud, J. _____

Stephens, J. _____      Yu, J. _____

14